Lipscomb, J.
The statute of 1846, p. 374, sec. 45, expressly authorizes a-discontinuance of the suit against the party not served, as in this case, and proceeding to judgment against the defendant served with process. There-can therefore be no doubt, but the court was mistaken in the law in resting its judgment on the demurrer upon this ground.
But the counsel for the defendant contends that although the court below may have assigned a bad and an insufficient reason for its judgment, yet if that judgment appears from the record to he right, it. cannot be affected by the insufficient reason assigned for it by the judge. He says that the record shows that the cause of action was barred by the statute of limitation of two years before the institution of the suit. It will be recollected that the plaintiff liad excepted to the sufficiency of the plea of the statute of two years. The 1st section of our act of limitation, passed by the Congress of the Republic on the-5th February, 1841, provides: “All actions upon open accounts other than such accounts as concern the trade of merchandise, between merchant and merchant, their factors and servants, shall be commenced and sued within two-years next after the cause of such action or suit, and not after,” and provides further: “ And all actions of debt grounded upon any contract in writing shall be commenced and sued within four years next after the cause of action or suit, and not after.” It will be seen by a reference to the record that there is an acknowledgment in writing referred to in the plaintiff’s petition and appended to it. The account is made out, showing the balance in favor of the plaintiff' against the defendant, and signed by the plaintiff, and then *192 'Occurs the acknowledgment of the defendant in the following words, signed by him: “This account is correct, with the exception of overcharge of interest, aud an overcharge of bagging and rope of $32.80. (Signed) Angus McNeil, April 12th, 1844.” The account was no longer open between the parties; it was closed by a written acknowledgment signed by the party, and would have been sufficient evidence to have supported the action of debt at common law. There is nothing in the objection taken to the amended petition as to its changing the action. It is not a departure nor inconsistent with the allegations in the original petition. It only describes more particularly the indebtedness by the account slated, and the petition was good and sufficient to have let in the proof if the amendment had not been made. In the original an indebtedness on an account stated is substantially alleged. The cause of action is not an open account within the meaning of the statute of limitation, aud does not come within the class of cases barred by two jrears’ prescription. Under the four years’ prescription the judgment of the court below cannot be sustained. It must therefore be reversed, and the cause be •remanded for further proceedings in conformity with this opinion.
Note 67. — Hawkins v. Tinnen, 10 T., 188; Elis «.Park, 8 T., 205; Cook v. Phillips, 18 T.,31; Robinson v. Mattisón, 2o T. Supp., 451. In a proceeding by scire facias the plaintiff cannot discontinue as to a defendant not served. (Austin v. Reynolds, 13 T., 544; Baxter v. Hear, 24 T., 17; Henderson v. Van Hook, 24 T., 358; Carson v. Moore, 25 T. Supp., 450.)
Judgment reversed.