OLIVER BRANCH AND OTHERS V. THE STATE.

It is not sufficient for a *scire facias* on a forfeited bond to allege that it was "conditioned as the law directs;" the facts should be alleged, by which the court is enabled to judge whether or not the bond was such an one as is required by law.

A general demurrer will not, however, reach such an objection to the *scire facias*, but it must be pointed out by special demurrer.

An appearance bond taken in the year 1855 was not *functus officio* at the fall term, 1857; but, if "conditioned as the law directs," would have compelled the attendance of the principal obligor from term to term of the court until discharged by the court.

Under the provisions of the Code of Criminal Procedure, (article 409,) it is no objection to a judgment on a bail bond that it was rendered without any service of the *scire facias* upon the principal obligor. Service upon the sureties is sufficient.

ERROR from Rusk. Tried below before the Hon. C. A. Frazer.

On the 9th day of March, 1858, a writ of *scire facias* was issued by the clerk of the District Court of Rusk county, the recitals of which were substantially as follows: That at the Fall Term of said District Court, on the 16th day of November, 1857, an indictment was therein pending against Oliver Branch, charging him with an assault with intent to kill and murder. That he was, on the 14th day of May, 1855, arrested by the sheriff, and on the same day released himself from custody by delivering to said sheriff his bond, in the sum of five hundred dollars, payable to the State of Texas, with E. A. Watkins and N. B. Branch as his sureties, conditioned as the law directs.

There was service upon the sureties, but not upon the principal.

The defendants who were served, pleaded by a general demurrer, and a general denial. Verdict and judgment against principal and sureties for the amount of the bond. The judge's charge required the jury to find against all the defendants, if the defendant failed to appear in the District Court at the Fall Term thereof on the 16th day of November, 1857, when called to answer the

indictment then pending against him, and which was set out in said bond.

There was no statement of facts, nor was the bond or indictment set out, or otherwise described than as heretofore shown by the allegations and recitals of the *scire facias.*

The defendants in error assign as error the following grounds :

1. The court erred in charging the jury that the plaintiff was entitled to recover in any event; because the *scire facias* does not sufficiently set out the bond which is the foundation of the proceeding, and it shows that the judgment *nisi* entered on the bond was without authority of law; the bond having been taken by the sheriff on the 14th day of May, 1855, and required the appearance of the defendant, Oliver Branch, at the Spring Term, 1855, of the court, and the judgment *nisi* was entered at the Fall Term, 1857, of the court, on a default then occurring.

2. Because the court charged the jury that the plaintiff was entitled to recover, without regard to the existence or proof either of a judgment *nisi* or a bail bond, the sole foundation required for the rendition of the judgment being the *scire facias.*

3. The court erred in rendering judgment upon the *scire facias,* the same being vague, uncertain, and insufficient to support any judgment against the defendants, as it neither sets out the indictment nor judgment *nisi* on which the proceeding in this case was founded.

4. The court erred in rendering judgment against the defendant, Oliver Branch, because there was no service on him, nor waiver thereof by an appearance or otherwise.

The allegations of the *scire facias* with respect to the forfeiture were as follows : "That the said Oliver Branch, being three times solemnly called to come into court, as he was on that day bound to do, and answer the State of Texas upon a charge of an assault with intent to kill and murder as aforesaid, came not, but made default; and the said E. A. Watkins and N. B. Branch, each being three times solemnly called to come into court, as they were on that day bound to do, and bring with them the body of the said Oliver Branch, to answer the said State of Texas upon said charge, came not, but made default; whereupon it was con-

sidered by said court that said bond be forfeited, and that *scire facias* issue to the said Oliver Branch, E. A. Watkins and N. B. Branch, citing them to appear at the next term of the said District Court, and show cause why such forfeiture shall not be made absolute against them."

Citation in the ordinary form followed the foregoing judgment *nisi*, and concluded the *scire facias.*

*W. Stedman,* for the plaintiff in error.—This is a *scire facias* upon a forfeited bail bond executed by the defendants, and conditioned for the appearance of the defendant, Oliver Branch, before the District Court of Rusk county, at its Spring Term, 1855. The *scire facias* states that the bond was executed on 14th May, 1855, and that the forfeiture occurred on 16th November, 1857 ; more than two years after the execution of the bond. The defendants demurred to the *scire facias* and pleaded the general issue, but it seems were not represented at the trial.

It is assigned for error :

I.   That the *scire facias* does not sufficiently set out the bond, and that the judgment *nisi* was without the authority of law, it having been entered upon a default occurring at a term subsequent to that named in the bond.

1.   The *scire facias* does not set out the bond, nor does it sufficiently appear therefrom to show that it is valid. The only description given of it is its date and amount, the parties to it, and that it is "conditioned as the law directs." It nowhere appears at what term, or before what court, the defendant was to appear, nor what he was required to do, and the declaration that the bond was "conditioned as the law directs" is a mere conclusion of the clerk, and does not furnish any information with regard to its validity. In the case of Jackson v. The State, 13 Tex. R., 218, the court say that the bond should be substantially set out in the *scire facias.* This has not been done in this case, and the judgment is therefore erroneous.

2.   The bond was taken by the sheriff pursuant to the act of 1846, (Hart. Dig., Art. 2889,) and only required the defendant to appear at the next term of the court. He did appear at that

term, and it is submitted that the bond was therefore satisfied. Under a recognizance, a defendant would be required by law to appear from term to term until he was legally discharged, but under a bond taken by the sheriff pursuant to the act of 1846, he could only be bound to appear at the succeeding term, and if the State desired to secure his further attendance, he might be required to enter into a recognizance. Such was the understanding and practice of the courts and profession until the adoption of the Code of Criminal Procedure, by which bail bonds are required to stipulate for the appearance of the party "from day to day and term to term." It is true that the court say, in the case of Williford v. the State, (16 Tex. R., 653,) that the condition that "he will not depart the court without leave," is of equivalent legal import to the requirement to appear "from term to term," but it is submitted that the question was not before the court in that case, as then the forfeiture was taken at the return term, and the decision turned upon the question as to the effect upon a bond of conditions more onerous than the law requires, and it is to be observed that the authority cited by the court in support of this position was the case of the State v. Stout, (6 Halst.,) which is an adjudication upon the legal operation and effect of a recognizance.

3. The second and third assignments are in effect the same, and state that the *scire facias* is too vague and defective to support the judgment. It neither substantially sets out the bond or judgment *nisi*, and is wholly insufficient to support the judgment.

4. The 4th assignment is that the defendant, Oliver Branch, was not served with process, and did not enter an appearance.

The record shows this to be the case, and the judgment being erroneous as to him, must be reversed as to all the defendants.

*Attorney-General*, for the State.

BELL, J.—The *scire facias* in this case would have been held bad on special demurrer, because it does not show by averments what was the condition of the bond which was the foundation of this proceeding. The allegation that the bond was "conditioned

as the law directs," does not show to the court the facts to enable us to judge whether or not the bond was such an one as is required by law. But this objection is one that should have been pointed out by special demurrer. The demurrer filed by the defendants is a general demurrer, and there is no judgment of the court overruling it, and nothing to show that it was insisted on in the court below. We think the objection that the *scire facias* does not show by averment what was the condition of the bond, is not an objection which goes to the foundation of the action, and furnishes no reason for the reversal of the judgment. There was no motion for new trial, and the record contains no statement of facts. It is argued in behalf of the plaintiffs in error that the bond, if conditioned as the law directs, would only have bound the principal obligor to appear at the Spring Term, 1855, of the District Court for Rusk county, and that the bond was *functus officio* at the Fall Term, 1857, when the forfeiture was taken. This proposition cannot be maintained. The bond, if "conditioned as the law directs," would have compelled the attendance of the principal obligor from term to term of the court until discharged by the court. (See Williford v. The State, 17 Tex. R., 653.) Nor is it any objection to the judgment that it was rendered without any service of the *scire facias* upon the principal obligor. Article 409 of the Code of Criminal Procedure provides that it shall not be necessary after the forfeiture of a recognizance or bail bond, to give notice of the forfeiture to the defendant. It is only necessary to give notice to the sureties. The judgment of the court below is affirmed.

Judgment affirmed.