No. 2580.

## Thomas Hutchings v. The State.

1. **Practice—Scire Facias.**—The object of the scire facias in a criminal case is to bring the sureties into court to show cause why judgment should not be entered against them upon the bond already forfeited, and it is not essential that the writ shall embrace the principal in the bond.
2. **Same—Amendment.**—The rules which regulate and control the amendment of a citation and petition in a civil case apply to a scire facias case. Moreover, it is essential that the scire facias, in cases like the present, should show on its face, either by original or amended averment, that there is, in fact, no actual, though there may be an apparent, variance in the names of the parties to the bond. The trial court did not err in permitting the scire facias to be amended to show that the John McCullock described therein was the W. J. McCullock who signed as the principal in the forfeited bond.
3. **Same—Notice—Case Distinguished.**—It is not a sufficient objection to the proceedings in a scire facias case that the trial court permitted such an amendment of the scire facias without notice to the principal in the bond. Note the opinion for the distinction between this and Collins's case, 16 Texas Court of Appeals, 274.
4. **Same—Jurisdiction of the County Court of Titus County.**—It is a well settled general rule that final judgments upon forfeited bail bonds can not be rendered at the criminal terms of the county courts. But see the opinion in extenso for a summary of the legislation which is held to operate as an exception to the rule in favor of the criminal county court of Titus county, and to specially confer on it jurisdiction to render final judgments upon forfeited bail bonds.

APPEAL from the County Court of Titus.   Tried below before the Hon. J. R. Riddle, County Judge.

The opinion states the case.   The amount of the bond adjudged was one hundred dollars.

*G. F. Conley* and *W. H. Baldwin,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   An information was brought by the county attorney of Titus county against John McCullock and one Beardon, charging them jointly with the theft of one side of sole leather of the value of four dollars.  McCullock was arrested and executed an appearance bond, which he signed W. J. McCullock instead of John McCullock.   Thomas Hutchings, this appellant, signed said bond as surety.   McCullock failing to appear at court, as he had bound himself to do, the bond was forfeited and judgment nisi rendered against him and the surety. Scire facias issued to the surety.   Objection having been made to the writ for variance between it and the bond as to the name of the principal obligor, the same was amended on motion of the county attorney; the amendment setting up the fact, in substance, that John and W. J. McCullock were one and the same party.

Two objections are urged to the legality of the scire facias and its amendments.   To the scire facias it is urged that it did not issue against McCullock, the principal, as well as the surety, Hutchings.   This objection is not tenable.   The scire facias writ in criminal cases subserves the purpose both of a petition and citation, and its object is to bring the sureties, and not the principal, into court to show cause why judgment should not be entered against them upon the bond which has been already forfeited.   It is true the judgment must be against the principal as well as the sureties (Code Crim. Proc., art. 441), but it is expressly provided that, in issuing the citation or writ of scire facias, it shall not be necessary to give notice to the defendant. (Code Crim. Proc., art. 442.)   The principal need not be served with notice.   (Branch v. The State, 25 Texas, 423.)

As to the amendment of scire facias, it is well settled that it is not only subject to the same rules as a citation and petition in a civil case, but it is absolutely essential that it should show

on its face, by proper averment, either originally or by amendment, in a case like the present, that there is in fact no actual, though there may be apparent, variance in the names of the parties to the bond. (Cassiday v. The State, 4 Texas Ct. App., 96; Loving v. The State, 9 Texas Ct. App., 471; Weaver v. The State, 13 Texas Ct. App., 191; McIntyre v. The State, 19 Texas Ct. App., 441.)

There was no error in permitting the amendment, and, in so far as the proof upon that issue is concerned, it fully identified John and W. J. McCullock, who signed the bond, as one and the same individual. (Vidauri v. The State, 22 Texas Ct. App., 676.)

But another objection urged is that the amendment of the writ was made without notice to the principal in the bond, and we are cited by appellant's counsel, in support of the objection, to Collins v. The State, 16 Texas Court of Appeals, 274. That was a case in which the effort was made to amend a judgment nisi after expiration of the term at which it was rendered, and it was held that, inasmuch as the principal in the bond was directly interested in the judgment, he was a necessary party in proceedings to amend it, and that it could not be properly nor legally amended without due notice to him. (Madison v. The State, 17 Texas Ct. App., 479.) This is a different case. Here the object was to amend, not the judgment nisi, but the scire facias—a writ in which the principal was in no manner, and the sureties alone were, interested. This objection is without merit, because the sureties were in court and contesting the proceedings for themselves alone in a matter where the principal had really no interest.

Again a most serious objection to the judgment final as rendered in this case is that the same was rendered at a criminal, and not at a civil, term of the county court, and that, under the now well settled rules of procedure, judgments final on forfeited bail bonds can not be rendered at the criminal terms of the county court. (Hart v. The State, 13 Texas Ct. App., 555; Jones v. The State, 15 Texas Ct. App., 82; Reddick v. The State, 21 Texas Ct. App., 267.) This is the ordinary general rule, but to it the county court of Titus county appears to have been made an exception, under the law restoring and defining its jurisdiction. In 1881, by act of the regular session of the seventeenth Legislature, General Laws, page 3, Titus was one of a number of counties which were divested of jurisdiction in their county courts for the trial of civil and criminal causes. But by act

approved April 13, 1883 (General Laws, 18th Leg., Reg. Sess., p. 91), the *criminal* jurisdiction of said county court was again restored, not only conferring exclusive original jurisdiction of most misdemeanors, but further specially providing as follows, viz:

"SEC. 2.   Said county court shall have jurisdiction in the forfeiture and judgment of all bonds and recognizances taken in criminal cases of which said criminal cases said court has jurisdiction," etc.   "Sec. 3.   The district court of said county of Titus shall no longer have jurisdiction of cases of which the county court of said county by the provisions of this act has original or appellate jurisdiction."   We think it clear from these provisions that the Legislature intended to restore, with the criminal jurisdiction conferred, full authority and jurisdiction to dispose finally of all forfeitures on bonds and recognizances in criminal cases.   Such being the law, the court did not err in forfeiting and rendering judgment final in this case.

We find no error in this record for which a reversal should be had, and the judgment is therefore affirmed.

*Affirmed.*