FITZGERALD et al. v. STATE.    (No. 5993.)

(Court of Criminal Appeals of Texas.  Dec. 8, 1920.)

Bail ⬤⟿77(2) — Variance as to sureties between bond in judgment nisi and bond proved on trial renders it inadmissible.

The names of the parties, including the sureties, to defendant's appearance bond, are an essential part of judgment nisi on such bond when forfeited, and on effort to make the judgment final a variance in that the judgment nisi named three sureties, while the bond proved on trial names only two of such three, is a matter so material as to render the bond inadmissible.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Louis Fitzgerald entered into bail bond, which was forfeited, and from judgment for the State against him and his sureties, two of the sureties appeal. Judgment reversed, and cause remanded.

Frank Judkins, of Eastland, for appellants. Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J.  This is an appeal of T. M. Mirick and W. J. Mays from a judgment of $750 on a forfeited bail bond. The judgment nisi is upon a bond of Louis Fitzgerald, principal, and Roy Mays, T. M. Mirick, and W. J. Mays, sureties. The bond proved on this trial was one in which Louis Fitzgerald was principal, and T. M. Mirick and W. J. Mays sureties. A variance was urged in the court below, and is insisted upon on this appeal. The names of the parties to the appearance bond is an essential part of the judgment nisi, and upon an effort to make the judgment final a variance such as that described was a matter

so material as to render the bond inadmissible. White's Texas Penal Code, p. 315, § 427; Lowe v. State, 15 Tex. 141; Cassaday v. State, 4 Tex. App. 96; Hutchings v. State, 24 Tex. App. 242, 6 S. W. 34; Brown v. State, 28 Tex. App. 65, 11 S. W. 1022.

The judgment is reversed, and the cause remanded.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes