## VIRGILIO TREVINO ET AL V. STATE

No. 32,891.   March 15, 1961
Motion for Rehearing Overruled May 10, 1961

WOODLEY, Presiding Judge, absent.

*W. E. Martin,* Houston, for appellants.

*Frank Briscoe,* District Attorney, *Walter A. Carr,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an appeal by Horace G. Cook and Hector R. Azios as sureties upon the appearance bond of Virgilio Trevino from a final judgment of Criminal District Court No. 5 of Harris County forfeiting said bond.

The bond, dated March 2, 1957, in the penal sum of $2,000.00, was conditioned that the principal appear instanter in Criminal District Court No. 2 of Harris County to answer a felony charge.

Judgment nisi was entered on September 17, 1959, and provided that "This judgment will be made final unless good cause be shown at the next term of the Court why the Defendant did not appear."

On December 14, 1959, scire facias was duly issued and served upon appellants which summoned them to appear at the next term of the court and "show cause why the forfeiture of said bond should not be made final."

At the hearing, the state offered in evidence the bond and judgment nisi and it was stipulated by appellants that the same were "properly executed and in proper form."

Appellants question the sufficiency of the scire facias as a pleading upon which to base the final judgment of forfeiture. It is appellant's contention that the scire facias is insufficient because of a variance with the judgment nisi in that the judgment nisi recited that it would be made final "unless" good cause be shown at the next term of court why the principal did not appear, and the scire facias recited that in the judgment nisi it was ordered that the judgment would be made final "when" good cause be shown at the next term of court why the principal did not appear. We are unable to agree that such variance rendered the scire facias insufficient as a pleading. Appellants filed no exception or motion to quash the scire facias. The scire facias could have been amended under the rules governing citations in

civil actions. Article 435, V.A.C.C.P.; Hutchings v. State, 24 Tex. App. 242, 6 S.W. 34. The scire facias directed appellants to appear at the next term of court and show cause why the forfeiture of said bond should not be made final. Such was sufficient and proper under Article 426, V.A.C.C.P., and Blue v. State, 169 Tex. Cr. Rep. 449, 341 S.W. 2d 917.

Appellants insist that the final judgment of forfeiture should not have been rendered against them because the record shows that they had surrendered the principal to the sheriff. While the surety, Cook, testified that on November 27, 1957, he surrendered the principal to the court bailiff in Criminal District Court No. 2, he further testified that, at such time, upon the instance and request of the officers, he agreed to continue on the bond in order that the principal could be further used as an informer for the State and city narcotics officers. Under such evidence, a surrender of the prinicpal as authorized under the provisions of Articles 282-289, V.A.C.C.P., was not shown. The contention is overruled.

Other contentions urged by appellants relate to the sufficiency of the bond and entry of the judgment nisi which appellants stipulated were properly executed and in proper form. The contentions have been considered and are overruled without further discussion.

The judgment is affirmed.