NEW-YORK,
May, 1819.

STANARD
v.
ELDRIDGE.

Motion granted.

### STANARD *against* ELDRIDGE.

A mortgagor in possession, before foreclosure, is regarded as seised of the land; and if he convey the land with covenant of seisin, the mere existence of the mortgage is not a breach of the covenant.

THIS was an action of covenant, for the breach of the covenants in a deed dated the 16th of *May,* 1815, and executed by the defendant and his wife, for a piece of land,

A covenant, that the grantor is seised of an indefeasible estate, &c. *without any manner of condition to alter, change, determine, or defeat the same,* is not only a covenant of seisin, but also, in effect, a covenant against incumbrances.

Where there is a covenant against incumbrances, the grantee may extinguish the incumbrance, and then maintain an action against the grantor for the actual damages; but where the incumbrance is still outstanding, and he has never suffered any disturbance in consequence of it, he can only recover nominal damages.

of eighteen acres, one quarter of an acre, and eight poles, by which the defendant covenanted that the grantors, at the time of the ensealing and delivery of the deed, were lawfully seised, in their own right, of the premises, as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in fee simple, *without any manner of condition to alter, change, determine, or defeat the same,* and had good right &c. to grant, bargain, and sell the same, and that the defendant should and might, from time to time, and at all times, peaceably and quietly enter into, and possess and enjoy the premises; and that free and clear from all estates, charges, conditions, or incumbrances, whatsoever. There were other covenants in the deed, but these are the only ones upon which breaches were assigned. The assignment of breaches was general, in the words of the covenants. The defendant pleaded *non est factum,* and that he was lawfully seised, &c. pursuing the words of the covenants. The cause was tried before Mr. J. *Van Ness,* at the *Rensselaer* circuit, in 1816.

On the 21st of *May,* 1810, previous to the execution of the deed to the plaintiff, one *John Potter* mortgaged to the loan officers of the county of *Rensselaer,* 500 acres of land, in which the premises conveyed to the plaintiff were included, for the payment of 508 dollars, with interest, and the defendant subsequently derived his title from *Potter.* The portion of the mortgage money and interest with which the plaintiff's premises were chargeable, according to the proportion which they bore to the whole, was 68 dollars and 80 cents. The whole of the land had been frequently advertised, and was, at the time of trial, advertised for sale, under the mortgage. The mortgage was not accompanied with any bond or other security; and the defendant, at the time of his conveyance, had a title to the premises conveyed, except so far as it might be affected by the mortgage. The jury found a verdict for the plaintiff, for the sum of 68 dollars and 80 cents, subject to the opinion of the Court, on a case which was submitted to the Court without argument.

Spencer, Ch. J. delivered the opinion of the Court. In

*Sedgwick* v. *Hollenback*, (7 *Johns. Rep.* 380.) the Court de- cided that a mortgagor is considered as seised, until a fore- closure of the equity of redemption, if possession be not delivered to the mortgagee. In the case of *Runyan* v. *Mersereau*, (11 *Johns. Rep.* 538.) we went the whole length of deciding that mortgages are to be regarded as mere secu- rities for money, and that the freehold continues in the mort- gagor.

In the present case, however, the covenant is not only that the defendant was seised of an absolute and indefeasi- ble estate of inheritance, but it is superadded, that he is so seised, " without any manner of condition to alter, change, determine, or defeat the same." In this respect, the cove- nant is broken by the existence of the mortgage upon the premises. In effect and substance, it is a covenant against incumbrances: The case of *Delavergne* v. *Norris*, (7 *Johns. Rep.* 358.) is, therefore, applicable. We there held, that in a suit upon covenants against incumbrances, unless the covenantee had extinguished them, as he well might for his own security, and if they were still outstanding, the da- mages were but nominal; for that there ought not to be a recovery of the amount of an incumbrance on a contingen- cy, when the covenantee might, perhaps, never be disturb- ed by it. It is supposed that this principle is not applicable here, for it is stated in the case, that no bond was given; still the mortgagor might be sued on the covenant to pay the money, which is imported in every mortgage. We ought not to refine on this salutary principle, that before there can be a recovery on a covenant against incum- brances, the covenantor must pay and satisfy them.

Judgment for the plaintiff, for six cents damages only.