[No. 4834.]

## WARREN POWERS *v.* HENRY JACKSON.

MONUMENTS REFERRED TO IN DEED.—When a tract of land comprising a subdivision according to the United States survey is conveyed by deed, and described in the deed, only by the name of the township or subdivision of the township, the line of survey made by the United States and the monuments then placed are considered as referred to on the face of the deed.

TOWNSHIPS ON PUBLIC LANDS.—There can be no township on the public lands except it has been actually surveyed and marked.

DEED REFERRING TO OTHER DOCUMENT.—A deed which refers to a plat of an addition to a town, recorded in the recorder's office, for a particular description of the land conveyed, incorporates said plat into its descriptive part.

MONUMENT REFERRED TO IN DEED.—If a deed describes the land conveyed by adopting the corner of a subdivision according to the United States survey, as a starting-point, said corner is a monument and will control, although the party selling, at the time of sale, by an actual survey, fixed the stake at a different point and run the lines accordingly.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

Ejectment to recover a belt of land fourteen feet wide on the south side of lot number one, in Elliott's addition to the town of Woodland, county of Yolo.　Elliott owned a tract of land in Woodland and platted it into lots as an addition to the town.　It was 645 feet wide, east and west, and 1332½ feet long, north and south.　The tract was in the northeast quarter of the southeast quarter of section thirty-two, township ten north, range two east, Mount Diablo meridian.　Messinger acquired Elliott's right, and, November 3, 1870,

conveyed to Giddings lot No. 1 of the plat, described in his deed as follows: "Lot number one of Nathan Elliott's Southern Addition to the town of Woodland, as shown by plat of said addition, recorded in recorder's office of said Yolo County, in book K of Deeds, on page 245."

The plaintiff claimed under Giddings, and introduced the deed in evidence, and then the plat of the addition to the town. The following is the plat, together with the marginal note on the same:

*" Map showing Nathan Elliott's Southern Addition to the town of Woodland.*

NORTH.

| 140 Feet. | | | 445 Feet. |
| --- | --- | --- | --- |
| Lot No. 2. | 266½ Feet. | 266½ Feet. | Lot No. 1. |
| Lot No. 3. | 266½ Feet. | 266½ Feet. | Lot No. 4. |
| Lot No. 6. | 266½ Feet. | 266½ Feet. | Lot No. 5. |
| Lot No. 7. | 266½ Feet. | 266½ Feet. | Lot No. 8. |
| Lot No. 10. | 266½ Feet. | 266½ Feet. | Lot No. 9. |
| 140 Feet. | | | 445 Feet. |

Fourth Street, 60 feet wide.

"This addition is situated on the following described land, viz.: Commencing at the northwest corner of the east half of the southeast quarter of section thirty-two, township ten north, range number two east, Mount Diablo base and meridian; running thence south eighty rods, more or less, to the northwest corner of a forty-acre lot owned by J. D. Daly; running thence east six hundred and forty-five (645) feet; thence north eighty rods, more or less, to the north line of said quarter section; thence west six hundred and forty-five (645) feet to the place of beginning.

"Recorded at request of Nathan Elliott, June 25, 1870, at 3 o'clock P. M.

"E. BYNUM, Recorder,
"By C. J. GIDDINGS, Deputy."

The following is the plat as located in the section:

It appeared from the testimony and admissions of the parties, that Elliott, when he made a survey of the plat, planted a stake, for a starting-point, fourteen feet north of the corner of the northeast quarter of the southeast quarter as fixed by the United States survey, and made a survey of the plat from such stake, so that the plat was carried fourteen feet north of the line of the United States survey. The defendant, in 1872, received a deed of lot four from Messinger, described as lot one was in the deed to Giddings, and took possession according to Elliott's survey, which carried lot four fourteen feet on to lot one, according to the United States survey. The court gave judgment for the defendant and the plaintiff appealed.

The other facts are stated in the opinion.

*W. B. Treadwell*, for the Appellant.

The stakes of Elliott's survey are not referred to, either on the plat or in the deeds; and are not, therefore, monuments capable of controlling courses and distances. The monuments referred to on the plat must govern in preference to any objects on the ground not referred to in the deeds. (*De Veney* v. *Gallagher*, 20 N. J. Eq. 33; *Wiswell* v. *Marston*, 54 Me. 270; *Grant* v. *Black*, 53 Me. 373; *Cleveland* v. *Flagg*, 4 Cush. 76; *Manter* v. *Picot*, 33 Mo. 490; *Whittlesey* v. *Kellogg*, 28 Mo. 404.)

*Johnson & De Witt*, for the Respondent.

By the COURT:

In case of a conveyance of land described only as being a township or subdivision of a township, the actual survey and monuments of the United States surveyor are referred to on the face of the deed, since there is and can be no " township " on the public lands of the United States, except such as has been thus actually surveyed and marked.

The deed from Messinger to Giddings, therefore (if the map referred to and the note on the margin thereof be incorporated in the deed), contains a sufficient description. It refers to physical objects on the surface of the earth, to

wit, the township or section lines as marked by the government surveyor. From these may be ascertained the point of commencement of the survey contained in the marginal note, and from this, as an initial-point, the courses and distances mentioned in the marginal note will include a tract of land.

No stakes or monuments, other than those of the government survey, are named or referred to in the conveyance from Messinger to Giddings. Stakes, by whomsoever placed, cannot therefore be used to control the courses or distances of the description in that conveyance. To permit this would be to permit the deed to be contradicted whenever the location of the stakes did not agree with the termini of the lines mentioned in the deed. The question here is not whether, in locating a tract of land, stakes or monuments, named or referred to in the deed, shall control courses and distances also mentioned in the deed. In such cases, the stakes or monuments will ordinarily be regarded as fixing the true points.

Here we are called on to say that objects not named or referred to in the deed shall fix the bounds of a tract of land otherwise perfectly well defined. This we cannot do without violating correct rules of construction.

Judgment and order reversed and cause remanded.