[No. 5668.]

HENRY PENRY v. J. T. RICHARDS ET AL.

REFERENCE IN DEED TO A MAP.—If a deed describes the property conveyed as a lot of land in a town "known and described on the official map of said town as Block No. 6," the map may be identified by parol evidence, and when identified, constitutes a portion of the deed.

IDEM.—If such town has declared by ordinance what map is the official map of the same, deeds of property which refer to the official map, and are made after such declaration, refer to such map.

IDEM.—The words "as laid out by Saulsberry Haley" on the face of the map of a town are equivalent to the words "as surveyed by Haley," and include a reference to the monuments erected by the surveyor; and a deed referring to such map for a description, is to be construed as referring to such monuments, and such monuments control, rather than the courses and distances laid down on the map.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

Action of trespass for having removed fence from and destroyed grain grown on Block No. 6, in the Town of Santa

Barbara.    The defendant Ames was the Marshal, the defendant
Richards was Mayor, and the other defendants were members of
the Council of the Town of Santa Barbara.

In 1851, the City of Santa Barbara owned the land within its
corporate limits, as successor of the Pueblo of Santa Barbara,
and authorized one Haley to make a survey of the lands within
its limits, and to lay the same off into blocks and streets, and
make a map of the same, the blocks to be of a uniform size
of four hundred and fifty feet square, and the streets to be of a
uniform width of sixty feet, except " State " and " Carillo "
Streets, which were to be eighty feet wide.   Haley made the
survey, and returned to the Council a map of the blocks and
streets, together with a written report showing the initial point
and the course and direction of the base-line, as established by
him, but returned no field-notes or other evidence of the survey.
The map showed the blocks to be four hundred and fifty feet
square, and the streets running at right angles and of the width
required.   The report showed the initial point to be at the in-
tersection of the southwesterly line of State Street and the
northwesterly line of Carillo Street, and the base-line to be the
southwesterly line of State Street.   No stakes or monuments
except the initial point and base-line were mentioned in Haley's
map or report; but in making his measurements on the ground
he noted each corner of a block by a redwood stake driven into
the ground.   Most of Haley's measurements of blocks exceeded
the distance of four hundred and fifty feet square.   The map
and report were accepted by the city authorities, and the map
was adopted by them in 1851 as the official map of the City of
Santa Barbara, and lots and blocks were thereafter granted by
the city and its successor, the Town of Santa Barbara, with ref-
erence to said map.   In April, 1857, said town granted to P. C.
Carillo the block known and described on the official map of the
town as Block No. 6, containing one hundred and fifty yards
square.   The plaintiff deraigned title from Carillo, and had the
same enclosed with a board fence.   Block No. 6 is bounded on
one side by the southeasterly line of Mission Street.   The fence
around the block was built from corner to corner, where stakes
were which were driven by Haley.   The southeasterly line of

Mission Street, if the line drawn past the stakes was the true one, would be the fence ; but a line drawn from the initial point established by Haley, using as a base-line the southwesterly line of State Street, and measuring from said initial point the distances called for on said official map, and measuring in the direction indicated by said map, allowing for each block four hundred and fifty feet, and for each street sixty feet, would pass inside the fence a distance of about forty feet. The city authorities claimed the latter as the line of the street, and directed the Marshal to remove the fence as an obstruction in the street, and he did so. This was the alleged trespass complained of. The Haley map was made by one Wackenreuder. The Court permitted parol evidence to be introduced to show where the stakes were and who set them, and to identify the official map, but treated the line running inside the fence as the true one, and rendered judgment for the defendants. The plaintiff appealed.

The other facts are stated in the opinion.

*W. M. Francis*, for the Appellant.

A map is always *presumed to represent a survey*, and a reference to the map is a reference to the survey. (*Jackson* v. *Cole*, 16 Johns. 257 ; *Jackson* v. *Freer*, 17 Johns. 29 ; *Chinoeth et al.* v. *Haskell's Lessees*, 3 Peters, 93 ; *O'Farrell* v. *Harney*, 51 Cal. 125.)

The stakes showing the actual lines of the streets and blocks must prevail over the map, and courses and distances, points of compass and initial points. (Code of Civil Procedure, sec. 2077 ; *Feris* v. *Cooven*, 10 Cal. 630, and cases cited.)

*W. C. Stratton*, for the Respondents.

The map referred to in the deed must be taken as a part of the deed, and the map must be regarded as giving the true description of the land conveyed. (*Caldwell* v. *Senter*, 30 Cal. 542 ; *Vance* v. *Force*, 24 Cal. 435 ; 3 Wasburn's Real Property, 367.)

If there be a conflict between the survey of Haley and his

map, the map must govern, because it is referred to in the deed, and is a part of the deed, and neither the deed nor map make mention of stakes at the corners of the block.    And courses and distances referred to on a map must govern, in preference to any object on the ground not referred to in the deed.    (*Powers* v. *Jackson*, 50 Cal. 429; Code of Civil Procedure, sec. 2077, subdivision 6; 3 Washburn's Real Property, 348.)

By the COURT:

The deed from the town of Santa Barbara to Carillo—from whom plaintiff deraigns—described the premises conveyed as a piece of land, within the limits of the town, "known and described on the official map of said town as Block No. 6, and containing one hundred and fifty yards square."    It was competent by parol evidence to identify the map referred to, and when identified, it was the duty of the Court to treat it as constituting a portion of the deed.    The map made by Wackenreuder had already been declared by ordinance of the city to be the "official map," and even if another map had been referred to as the official map in conveyances made by the town previous to that declaration, there can be no doubt that, in deeds made after the passage of the ordinance, the words referred to the map declared to be official by the ordinance.

The Wackenreuder map having been identified as the map referred to, that map is found to be entitled on its face a map of the town "as laid out by Saulsberry Haley."    These words are the equivalent of "as surveyed by Haley," and include a reference to the monuments erected by Haley.    Thus the deed is to be construed as referring to the monuments, and if the evidence established the points where the monuments had been erected by Haley, such points should have controlled in determining the location of Block 6.    The Court below ignored the evidence tending to show the location of the Haley stakes, and decided the case on the theory that the demanded premises were to be ascertained by running the courses and distances from the initial point of Haley's survey, without regard to the monuments by him erected.    This was a violation of the well-

known principles applicable to the mode of ascertaining the true position of lands described in deeds of conveyance.

Judgment and order reversed, and cause remanded for a new trial.