[No. 12910. In Bank.—August 2, 1889.]

DWIGHT WHITING, APPELLANT, v. J. W. GARDNER ET AL., RESPONDENTS.

DEED—DESCRIPTION BY REFERENCE TO MAP AND SURVEY—SURVEY CONTROLS IN CASE OF DISCREPANCY.—Where the description of land in a deed is made by reference to a map and also to the survey upon which the map is based, it will be presumed, in the absence of evidence to the contrary, that the map correctly represents the survey, and the latter need not be looked to; but if it be shown that a discrepancy exists between the map and the survey, the latter must prevail.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Williams & McKinley*, and *W. T. Williams*, for Appellant.

The description was controlled by the map. (*Vance* v. *Fore*, 24 Cal. 436; *Mayo* v. *Mazeaux*, 38 Cal. 442; *Serrano* v. *Rawson*, 47 Cal. 52; *Black* v. *Sprague*, 54 Cal. 266; *Chapman* v. *Polack*, 70 Cal. 487.)

*Victor Montgomery*, and *H. M. Smith*, for Respondents.

WORKS, J.—This is an action of ejectment, and involves the question as to the location of the dividing line between the adjoining lands of the plaintiff and defendants. Each of the parties derived title from the same source, and their lands are described by reference to certain numbered lots on a designated map of a larger tract containing the lands claimed by both parties. This issue of fact was found in favor of the defendants, and judgment was rendered accordingly. The sole point urged here is, that the findings are not sustained by the evidence.

It is somewhat difficult to understand the evidence, and arrive accurately at the facts by an examination of the record; but it seems that, taking the matter referred to in the respective deeds of the parties alone, the dividing line is located as claimed by the plaintiff, but the field-notes of the survey, upon which the map is based, and the evidence of surveyors with reference to them, show, or at least tend to show, a mistake in the map, and that the survey locates the line as contended for by the defendants.

The contention of the appellant is, that the map referred to, and thereby made part of the deeds, is conclu-

sive as to the location of the line, even as against the field-notes of the survey upon which it is founded. The case of *Chapman* v. *Polack*, 70 Cal. 487, is relied upon, but it does not support the appellant's position. There the government survey and the map founded upon it agreed, and it was attempted to show by a private survey that both were wrong. It was very properly held that this could not be done, and that the map was conclusive.

The proof here was not offered to show by subsequent surveys that the line was improperly located by the survey *and* map, but that the field-notes of the survey showed it at one place and the map at another. Therefore, the question here is, whether the field-notes of a survey upon which a map is founded can be used as evidence to show that the map is incorrect.

The descriptions in the deeds refer not only to the map, but to the survey, which make both parts of the deeds. In the absence of evidence to the contrary, it will be presumed that the map correctly represents the survey, and the latter need not be looked to; but if it be shown that a discrepancy exists between the map and the survey upon which it is based, the latter must prevail. (*O'Farrel* v. *Harney*, 51 Cal. 125; *Penry* v. *Richards*, 52 Cal. 496; *Jackson* v. *Cole*. 16 Johns. 256; *Jackson* v. *Freer*, 17 Johns. 31.)

This being the case, there was at least a substantial conflict in the evidence, and the judgment of the court below cannot be disturbed.

Judgment and order affirmed.

SHARPSTEIN, J., PATERSON, J., THORNTON, J., and MC-FARLAND, J., concurred.