Argued September 18, decided September 30, 1913.

## CRANDALL *v.* MARY.

(135 Pac. 188.)

**Boundaries—Evidence—Weight and Sufficiency—Location of Corners.**

1. Where for more than 40 years the southeast corner of a block had been recognized as being at a certain place, and lots, blocks and streets located, and buildings built with reference thereto, such universal usage and acquiescence outweighs indefinite notes of the surveyor who many years before replatted the block, and under which it is claimed the corner is located three feet farther south.

**Boundaries—Description—Location of Corners.**

2. Where the initial point in the description in a deed was a street corner, the location of which was a matter of general notoriety, buildings, sidewalks and streets making its location evident, the parties must be presumed to have dealt with the understanding that the corner was located at the universally accepted place rather than where a new survey might possibly place it.

**Boundaries—Description—Artificial Monuments and Marks.**

3. While it is true that, where courses and distances mentioned in a deed conflict with fixed monuments therein mentioned, the reference to monuments will control, the rule has no application where no surveys, stakes or other monuments are referred to in the deed.

> [As to the establishment of boundaries by agreement or acquiescence, see note in 110 Am. St. Rep. 677.]

**Boundaries—Establishment—Acquiescence.**

4. Where the weight of evidence showed that a certain survey was not made until after the execution of the deed to the land, which was

borne out by the fact that the survey was not referred to in that or other deeds to the purchaser, the purchaser was not estopped by having acquiesced in and taken a deed pursuant to the survey.

[As to general rule for the location of boundaries, see note in 129 Am. St. Rep. 990.]

From Linn: WILLIAM GALLOWAY, Judge.

Department 2.   Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by L. A. Crandall to enjoin J. C. P. Mary from trespassing and to quiet plaintiff's title to a strip of land three feet in width and containing a small fraction of an acre, situated in the City of Lebanon.   On April 24, 1906, plaintiff purchased from defendant a tract of land with the following description:

"Beginning at a point sixty feet east and two hundred and fifty-six and one-half feet south of the southeast corner of block one in the town (now city) of Lebanon, Linn County, Oregon, said beginning point being the northwest corner of the land of said L. A. Crandall, running thence north sixty feet, thence east to right of way of the Lebanon and Santiam canal as conveyed by grantors by deed recorded on page 553 in volume 80 of deed records for Linn County, Oregon, thence following the meander of said right of way in a southwesterly direction to a point due east of the place of beginning, thence west to the place of beginning; containing a fraction of an acre, in Lebanon, Linn County, Oregon."

Prior to the making of this deed the defendant had conveyed to the plaintiff and to his brother two other tracts of land; the last of which lies adjoining and immediately south of the foregoing tract, and the first tract being and lying adjoining and immediately south of the second tract.   The first of these deeds was made

January 20, 1904, and was to L. A. Crandall and A. L. Crandall, and the land was described as follows:

"Beginning at a point sixty feet east and nineteen rods and three feet south of the southeast corner of block one in the town (now city) of Lebanon, in Linn County,' Oregon, running thence south fourteen rods to the southwest corner of the land of the grantors, thence east on the grantors' south line twenty-two rods and six-sevenths of a rod, thence north fourteen rods, thence west twenty-two rods and six-sevenths of a rod to the place of beginning, containing two acres."

The second of these deeds bears a description as follows:

"Beginning at a point sixty feet east and nineteen rods and three feet south of the southeast corner of block one in the town (now city) of Lebanon, in Linn County, Oregon, running thence east (290 feet) two hundred and ninety feet, thence north (60 feet) sixty feet, thence west (290 feet) two hundred and ninety feet, thence south (60 feet) sixty feet to the place of beginning, containing a fractional acre in Lebanon, Linn County, Oregon."

The plaintiff introduced evidence tending to show that the southeast corner of block 1 in the City of Lebanon, as originally laid out and dedicated and marked upon the ground, is at a point 33 feet north of the south boundary line of the donation land claim of Jeremiah Ralston and wife; and that for more than 40 years said point has been recognized as the true corner of said block and has been generally used as the initial point for survey of lots, blocks, and streets in the City of Lebanon and for surveying and laying out additions thereto. The defendant claims that by an actual survey the southeast corner of block 1 is situated only 30 feet north of the south boundary line of the Ralston claim, which contention, if sustained,

would give him the strip of land here in dispute. He also claims that at the time plaintiff purchased the land it was surveyed and the corners staked out on the ground that the conveyance was made and accepted with reference to said boundaries, and that plaintiff is estopped from claiming more than what is therein included. Other facts appear in the opinion.

AFFIRMED.

For appellant there was a brief over the name of *Hewitt & Sox,* with an oral argument by *Mr. Carlton E. Sox.*

For respondent there was a brief and an oral argument by *Mr. N. M. Newport.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

The evidence is not clear as to when the original plat of Lebanon was dedicated. There is a plat in evidence filed July 19, 1865, which purports to be a resurvey of the town and contains a dedication by Ralston and wife, acknowledged about the same date. The dedication states that it is to date from June 1, 1855, from which we conclude that there was a former plat and dedication on that date, and that the survey, plat, and dedication of 1865 was to make certain or to confirm some previous plat or dedication. On this plat is noted in red ink a street called Oak Street, running east and west and parallel with block 1; its south boundary being the north line of William Ralston's donation land claim. Across the space designated as Oak Street, at a point opposite the southeast corner of block 1, the letters and figures "30 ft." are written in red ink, which would seem to be intended to show the distance from the north line of the William Ralston claim to the southeast corner of block 1. While this notation on

the plat would seem to indicate that block 1 was 30 feet north of the north line of the William Ralston claim, which the testimony of Mr. Fisher implies is coincident with the south line of the donation land claim of Jeremiah Ralston, who was the original dedicator of the town plat of Lebanon, the notes of this survey are very indefinite and are not made clearer by the testimony. The following comprises the entire record of the survey except the plat:

"Survey made July 18, 1865, to find the location of the town of Lebanon, Oregon. Beginning at the S. E. corner of N. E. ¼ of section 10, township 12 south, range 2 west. Thence running south on the section line 26.75 chains to the south line of J. Ralston's donation land claim. Thence west on said line 2.60 chains to a point, where the street on the east side of the town intersects the street on the south side; this point of intersection being at the center of each of said streets at the S. E. corner of the town plat. Given under my hand this 18th day of July, 1865.

"CYRUS CLINGMAN,
"County Surveyor."

There is no record of any stakes being set on the survey or at the street intersections mentioned; and, as it was a resurvey of an already existing town, it is not probable that any were set. It was simply a resurvey of an existing town made from data not disclosed by the testimony and therefore unreliable. Even if stakes had been set, they would not control the description in the deed unless referred to therein: *Powers* v. *Jackson*, 50 Cal. 429.

1. It seems to be established by the great weight of the testimony that for more than 40 years the southeast corner of block 1 has been recognized as being at the place where plaintiff here contends it is, namely, 33 feet north of the south line of the Jeremiah Ralston

claim. Buildings and sidewalks have been for a generation constructed with reference to its existence at the place designated. Other lots, blocks and streets have been located and built upon with reference to this location as an initial point, and other additions have been located and platted to correspond with it. We have no doubt from the evidence that the original corner of the block as it was marked out upon the ground was where plaintiff now claims it, and in our opinion the evidence of universal usage and acquiescence of everybody in the location of the lots, streets and corners as they would exist when measured with reference to this corner, as placed by plaintiff's testimony, far outweighs the memorandum made by the surveyor upon the plat submitted in evidence.

2. The actual location on the ground of the corner mentioned as the initial point in the description in defendant's deed to plaintiff was a matter of general notoriety. Buildings, sidewalks and streets made its position so evident that all these parties could see where it was, and they should be presumed to have dealt in view of that knowledge and to have had in mind the corner as it appeared to the eyesight and as it had been acquiesced in by everybody for a generation rather than where a new survey might possibly place it. It is claimed that the plaintiff bought rather with reference to the survey made by Fisher of the first tract than by the description in the deed, and he should be held to have acquiesced in the correctness of that survey and be confined to the boundaries then measured off and staked.

3. It is very true that, where courses and distances mentioned in a deed conflict with fixed monuments therein mentioned, the reference to monuments will control; but that is not this case. Here no survey or stake is mentioned. The initial point is a street cor-

ner, the location of which in this particular instance was notorious, and with buildings and sidewalks so designating its position, that a reference to it was, in fact, a reference to a permanent, known, and visible monument. The description is plain upon its face, and there are no surveys, stakes or other monuments mentioned which render the description uncertain in any respect. The southeast corner of block 1 being ascertained, the deed speaks for itself.

4. The evidence does not show an estoppel against plaintiff by reason of having acquiesced in the survey and having taken a deed pursuant to it. The weight of testimony is that the survey was made after the deed was executed, and this is borne out by the fact that none of the deeds from defendant to plaintiff refer to this survey.

On the whole, we are satisfied that the true corner of block 1, as located upon the ground by the original proprietor of the town of Lebanon, is at a point 33 feet north of the south line of the donation land claim of Jeremiah and Jemimah Ralston, and that plaintiff's deed was executed and taken in view of that location.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.