### THE STATE v. HENRY BECKNALL.

BAIL BOND.—A bail bond which, after stating the offense with which the principal is charged, states the court before which, the time when, and the place where he is required to appear, and concludes: "And then and there to be from term to term and day to day, and not to depart without permission of said court, or until said cause be finally determined," is not vitiated by an omission to require the principal in terms to appear and answer the accusation against him.

APPEAL from Red River. Tried below before the Hon. John C. Easton.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—This case is brought before us by the District Attorney, on appeal from the judgment of the District Court setting aside the judgment *nisi* on the bail bond of Becknall, and quashing the bond for its alleged insufficiency in not being conditioned according to law.

The bond sets out in its statement the substance of the indictment against the principal, and describes the offense which he is charged with, and for which the bond is given to secure his appearance.

The bond is conditioned that he, the defendant, "appear in person before the District Court of Red River county, at its next regular term, commencing on the 3d Monday in June proximo, to be holden at the court-house in the town of Clarksville, and there to be from term to term

and day to day, and not to depart without permission of said court, or until said cause be finally determined," &c. It is true in this bond the condition is not in the ordinary form " to answer the charge preferred against him," or to " answer said charge" or " accusation preferred against him;" but the statute prescribes no form to be followed in bail bonds. It merely states the necessary requisites of a sufficient bail bond. In the bond before us, the terms " to answer said charge," or " to answer the accusation against him," are not found, but their equivalent is, in the condition, after stating the offense charged, the court, the time and place where he is required to appear, " and then and there to be from term to term and day to day, and not to depart without permission of said court, or until said cause be finally determined."

We think it is sufficiently clear what offense he is required to answer, and that his appearance before the District Court at Clarksville, in Red River county, at the time named, is for the purpose of answering " the accusation against him;" *i. e.*, " the playing at a game with cards, with one N. R. Bagwell, in French's grocery," in Red River county. (See Goldthwaite *v.* The State, 32 Tex., 599.)

There was error in setting aside the judgment *nisi* and quashing the bond, for which the judgment of the District Court is reversed and the cause is remanded.

REVERSED AND REMANDED.