## D. B. BROWN ET AL. v. THE STATE.

*No. 6520.   Decided June 20.*

1.   **Scire Facias—Practice—Presumptions.**—A judgment nisi was rendered on the bail bond in this case on February 7, 1887.   Alias capias issued, and the principal was rearrested and placed in jail.   On February 12, 1887, on his verbal motion the said judgment nisi was set aside, and he was discharged without being required to enter into new recognizance.   The principal again defaulting, a second forfeiture and judgment nisi was on September 12, 1887, taken on the bail bond.   Scire facias issued to the sureties, to which, amongst others, they interposed the defense that they were discharged from liability on the bond by the action of the court, because after the first forfeiture and the principal's rearrest, the old bond became *functus officio,* and the court should have exacted new recognizance or bond.   *Held,* that the defense will not avail in this case.   Article 461 of the Code of Criminal Procedure provides that upon the arrest of a defaulting principal after the forfeiture of his bail, he shall be required to enter into new bail unless the forfeiture has been set aside under the third subdivision of article 452 of the Code of Procedure, in which case the original bond or recognizance shall remain in force.   In this case the judgment sustaining the principal's verbal motion and setting aside the original forfeiture, does not show the grounds upon which either it or the motion was based.   In this state of case the presumption obtains that the court acted within the provisions of subdivision 3 of article 452 of the Code of Procedure.

2.   **Same—Caption—Constitutional Law.**—The writ in this case commenced " The State of Texas, to the sheriff or any constable, greeting."   *Held* a sufficient compliance with the constitutional requirement that all process in this State shall run "in the name of the State of Texas."

3.   **Same—Jurisdiction.**—If the offense charged against the principal in the bond be one which is made a distinct crime *eo nomine,* then to designate the offense simply by the name given it in the Code will be sufficient in a bail bond taken either before or after the return of indictment; provided, however, that after indictment the very same offense is stated in the bond as is charged in the indictment.   The rule is that "if the charge against the accused is known and can be designated by a distinctive name, it is sufficient."   The bond in this case, being in the sum of $500, was conditioned that the principal "should make his personal appearance before the honorable District Court of Bosque County, Texas, on the third Monday in August, 1886, then and there to answer the State of Texas upon a charge by indictment duly presented in said court, wherein D. B. Brown, said defendant, is charged with the offense of embezzlement," etc.   *Held,* that embezzlement being a distinct offense *eo nomine,* it was sufficiently described in both the bond and scire facias, and both were sufficient to show the jurisdiction of the

District Court, without reciting that the value of the property charged in the indictment to have been embezzled, was twenty dollars or over. See the opinion *in extenso* on the question.

4. **Same—Bail Bond.**—It was objected that the bail bond is more onerous than the law requires in that it binds the principal personally to "appear before the next term of the District Court," instead of "before said court at its next term." *Held,* that the objection is hypercritical.

5. **Practice—Variance.**—The scire facias recited that the forfeiture was taken and judgment nisi rendered on September 13, 1887. The judgment nisi when offered and read in evidence showed on its face that it was rendered September 12, 1887. Under the rule that the time when the forfeiture was taken must be correctly stated in the scire facias, the variance must be held fatal.

6. **Same—Idem Sonans.**—"Wilkin" and "Wilkins" are not the same name and are not *idem sonans,* and this variance between the names as recited in the scire facias, judgment nisi, and the bond, is fatal to the judgment in this case.

APPEAL from the District Court of Bosque. Tried below before Hon. J. M. Hall.

This appeal is from a final judgment on the forfeiture of the bail bond of D. B. Brown, bailed under an indictment charging him with embezzlement. Five hundred dollars was the amount of the bond and judgment.

*Bassett, Muse & Muse,* for appellants.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Two judgments nisi were rendered in the lower court upon the bail bond in this case. The first was rendered on the 7th day of February, 1887. Alias capias issued, the defendant Brown was rearrested, was placed in jail, and on February 12 his verbal motion to set aside the judgment nisi coming on to be heard, it was sustained, the judgment was set aside, and he was discharged from arrest without being required to enter into a new recognizance, the court not believing that under the law he was required to give a new bond. On the 12th day of September, 1887, thereafter, the defendant Brown having again failed to appear when his case was called for trial, a second forfeiture and judgment nisi was taken upon the bail bond. Scire facias issued to the sureties, to which, amongst other defenses, they insist that they are and were discharged from further liability upon said bond, because after the first forfeiture and defendant's rearrest the old bond became *functus officio,* and the court should have required him to enter into a new recognizance or bail bond, under the provisions of article 461 of the Code of Criminal Procedure, as follows: "In all cases where a forfeiture is declared upon a recognizance or bail bond a capias shall be immediately issued for the arrest of the defendant, and when arrested he shall be required to enter into a new recognizance or bail bond, unless the forfeiture

taken has been set aside under the third subdivision of article 452, in which case the defendant and his sureties shall remain bound under his present recognizance or bail bond." The third subdivision of article 452 provides that sickness of the principal, or some uncontrollable circumstance arising from no fault on his part, will exonerate a defendant and his sureties from liability on forfeiture.

It is a further provision of article 462 of the Code of Criminal Procedure that "when a defendant who has been arrested for a felony under a capias has previously given bail to answer said charge, his sureties shall be released by such arrest, and he shall be required to give new bail." Gary v. The State, 11 Texas Ct. App., 527.

The judgment setting aside the forfeiture does not show upon what ground the defendant's verbal motion was predicated, nor the grounds upon which the court acted in setting it aside—it is wholly silent on the matter. We will presume that the grounds upon which the motion was based, as well as those upon which the court acted, were the statutory ones mentioned in subdivision 3 of article 452. To presume otherwise would be to presume that the court acted in defiance of the plain letter of the law. As presented in the record, we can not hold that the sureties have been relieved of their liability on account of the action complained of.

In answer to the second forfeiture and judgment nisi the sureties filed two motions, one to quash the scire facias and the other to quash the bail bond. To the writ of scire facias it was objected that it did not run "in the name of the State of Texas," as is required in the statute (Code Crim. Proc., art. 443, subdiv. 1), which prescribes the requisites for such writs. The writ commenced, "The State of Texas: To the sheriff or any constable," etc., "greeting." This was sufficient. Willson's Crim. Forms, 601. It in fact made the writ run "in the name of the State of Texas." Werbriski v. The State, 20 Texas Ct. App., 131. Our Constitution provides that "the style of all our writs and process shall be 'The State of Texas.'" Const., art. 5, sec. 12; Willson's Crim. Stats., sec. 2020.

A second objection was that the writ failed to state an offense over which the District Court had jurisdiction. The objection was that whilst the writ stated the offense with which defendant was charged as "embezzlement," it did not state that the amount charged to be embezzled was over twenty dollars, and therefore did not show jurisdiction in the District Court.

The writ recited that defendant and sureties were bound in the penal sum of $500, "conditioned that the said defendant should make his personal appearance before the honorable District Court of Bosque County, Texas, on the third Monday in August, 1886, then and there to answer the State of Texas upon a charge by indictment, duly presented in said court, wherein D. B. Brown, said defendant, is charged with the offense

of embezzlement," etc.   One of the statutory requisites for bail bonds is "that the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State."   Code Crim. Proc., art. 288, sub-div. 3.

It is contended that though "embezzlement" is *eo nomine* an offense against the laws of this State, that it is nevertheless, by express terms of the statute creating it, an offense made punishable in the same manner as is the crime of theft (Penal Code, art. 786), and that the crime of theft is punishable either as a felony or a misdemeanor, dependent upon the value of the property stolen—it being a felony if the value is twenty dollars and over, or a misdemeanor if under that amount in value (Penal Code, art. 736); that the felony theft is alone within the jurisdiction of the District Court, and that the same rule requires that embezzlement, to be within the jurisdiction of the District Court, must have been of property of value of twenty dollars or over; that in this case the scire facias failing to show or allege that the property embezzled was of twenty dollars or over in value, is fatally defective, does not show jurisdiction in the District Court, and should therefore have been quashed.   This same objection was urged to the sufficiency of the bail bond in the motion to quash that instrument, it failing also to state that the defendant was charged by indictment with embezzlement of property of over twenty dollars in value.   In the indictment the amount alleged to have been embezzled was $49.90.   It is further contended that both the bond and the scire facias are defective because they do not state the offense with which the principal is charged in the indictment.   Code Crim. Proc., art. 287, subdiv. 2, and art. 443, subdiv. 4.   We will discuss the two grounds of the two motions together.

A scire facias under our practice is required to subserve the purposes both of a petition and a writ.   Willson's Crim. Stats., sec. 2020.   It sets forth the cause of action upon which the judgment final will be claimed, and in this class of cases, as in all others where a moneyed judgment is sought, it is elementary that the pleadings must show that the court whose authority is invoked, has jurisdiction of the subject matter over which it is asked to exercise its jurisdiction.   Again, "it has been settled that where a bail bond or recognizance is taken *after indictment found,* the very offense of which the principal stands charged must be named in the bond, not the class of offenses."   Keppler v. The State, 14 Texas Ct. App., 173.   "Nor is it sufficient to use in the bond general terms which in legal classification may include the offense with which the defendant stands charged."   Foster v. The State, 27 Texas, 236; Smalley v. The State, 3 Texas Ct. App., 202; Addison v. The State, 14 Texas Ct. App., 568; Vivian v. The State, 16 Texas Ct. App., 262.

If, however, we examine these cases we will find that they are based

upon the fact that either the offense as stated in the bond was not *eo nomine* a crime known to our Code, or that the bail bond stated an offense essentially different and distinct from that stated in the indictment or information. For instance, in Foster's case, 27 Texas, 236, defendant was indicted for aggravated assault, and the offense named in the bail bond was assault and battery. The bond was held insufficient. In Smalley's case, 3 Texas Court of Appeals, the bond named one offense, whilst the scire facias and judgment final named another. In Keppler's case, 14 Texas Court of Appeals, the bond failed to name an offense known as such to our statute; and in Addison's case, Id., 568, the bond was for swindling, whilst the indictment was for theft. See also McLaren v. The State, 3 Texas Ct. App., 680; McAdams v. The State, 10 Texas Ct. App., 317.

Where the offense is one which is made a distinct crime *eo nomine* by our Code, then we are of opinion that to call the offense simply by the name given it in the Code, as murder, rape, arson, theft, swindling, embezzlement, assault and battery, aggravated assault and battery, assault with intent to rape, etc., will be sufficient in a bail bond taken either before or after indictment found; provided, however, that after indictment found the very same offense is stated in the bond as is charged in the indictment. Douglass v. The State, 26 Texas Ct. App., 248. "If the charge against the accused is known and can be designated by a distinctive name, it is sufficient to do this." Turner v. The State, 41 Texas, 549; Vivian v. The State, 16 Texas Ct. App., 262; Gordon v. The State, 41 Texas, 510; Willson's Crim. Stats., secs. 1794, 1796. Now, whilst it is true that embezzlement, like theft, may be punished according to the value of the property either as a felony or a misdemeanor, still the crime is the same, in so far as its constituent elements are concerned, whether it be a misdemeanor or a felony. It is not like the distinct offenses of assault and battery, aggravated assault, and assault with intent to murder, where the difference in the acts committed characterize the crime and create or lessen its degree. In theft or embezzlement it is simply the value of the property which determines the grade and punishment, and not the acts or elements entering into the crime.

We are of opinion that both a bail bond and scire facias which recite and allege that the defendant is accused or stands charged by indictment in the District Court with embezzlement or theft, sufficiently describe the offense with which he stands charged as a felony, and sufficiently show the jurisdiction of the District Court without the further allegation that the property stolen or embezzled is of value twenty dollars or over. It was not error to overrule both motions to quash in so far as they were based upon this objection to the bond and the scire facias.

Another objection urged in the motion to quash the bail bond is that it is more onerous than the statute requires, in that it binds the princi-

pal personally to "*appear before the next term of the District Court*," instead of "*before said court at its next term*." This objection is not well taken and is hypercritical. Code Crim. Proc., art. 288, subdiv. 5; Brite v. The State, 24 Texas, 219; The State v. Becknall, 41 Texas, 319; Fentress v. The State, 16 Texas Ct. App., 79. The very day upon which the defendant was to appear, to-wit, "the third Monday in August, 1886," is stated in the bond, and the defendant could not possibly have been misled as to the time when and term of court at which he was obligated to appear.

But, as we have before stated, the scire facias or citation performs the double function of a petition and citation, and in establishing the essential matters therein stated the *allegata* and *probata* must substantially correspond. Willson's Crim. Stats., sec. 2020. It ought to follow the judgment. In this case the scire facias recited that the forfeiture was taken and judgment nisi rendered on the 13th day of September, A. D. 1887, whereas the judgment nisi offered in evidence was rendered on the 12th day of September, 1887. The time when the forfeiture was taken must be correctly stated (Code Crim. Proc., art. 443, subdiv. 5), or the variance will be fatal. Davidson v. The State, 20 Texas, 655; The State v. Cox, 25 Texas, 404; Cowen v. The State, 3 Texas Ct. App., 380; Hedrick v. The State, Id., 570; Holt v. The State, 20 Texas Ct. App., 271; Willson's Crim. Stats., sec. 2020.

Again, the scire facias alleges that the bail bond was executed by the principal with *J. A. Wilkins*, C. Palm, and J. B. Wilkin as sureties, and declares that it was forfeited against *J. A. Wilkins*, C. Palm, and *J. B. Wilkins;* and yet it commands the officer to summon J. A. Wilkin, C. Palm, and J. B. Wilkin, and the return of the sheriff shows a service upon J. A. Wilkin, C. Palm, and J. B. Wilkin. The judgment nisi offered in evidence shows that it was taken and rendered against *J. A. Wilkins*, C. Palm, and *J. B. Wilkins;* whilst the bail bond itself, as offered and read in evidence, shows that it was signed by D. B. Brown with J. A. Wilkin, C. Palm, and J. B. Wilkin as sureties. *Wilkin* and *Wilkins* are not one and the same name, and the variance is fatal. In Parchman v. The State, 2 Texas Court of Appeals, 228, "Frank" and "Franks" were held not to be the same name nor *idem sonans*, and the same was held as to the names "Wood" and "Woods" in Neiderluck v. The State, 21 Texas Court of Appeals, 320.

For the variances pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.