JAMES A. SMITH v. WILLIAM BOONE.

No. 7440.

**Actual Survey—Maps—Description.**—A two leagues survey of school lands belonging to Falls County was surveyed and subdivided into small tracts.  A map of the subdivisions was prepared and placed on record, by which sales were made; the subdivisions were sold by the numbers upon the map.  By mistake the surveyor marked the north line of the two leagues tract 186 varas too far south.  Fractional section No. 7, of 167 acres, appeared on the map to be in the northeast corner of the survey.  Smith bought this fractional section, described as "fractional section No. 7 as appears upon the map upon record," etc., in ignorance of the mistake. After ascertaining the mistake, he brought suit, claiming the strip between the actual surveyed line and the true line.  *Held*, that having bought and intended to buy fractional lot No. 7, that was located just where placed by the actual surveys with reference to which and by which the subdivisions were made and platted, he took only to the actual surveyed north line.

APPEAL from Wise.  Tried below before Hon. J. W. PATTERSON. No statement is necessary.

*H. D. Donald* and *J. H. Cobb*, for appellant.—Where a deed conveys land by description, which refers to a map or plat, this reference does not prevent the reception of parol evidence for the purpose of showing a conflict between the survey in the field from which the map was made, and the map itself, to determine the correct boundary of the land intended to be conveyed.

No brief for appellee reached the Reporter.

STAYTON, CHIEF JUSTICE.—A grant of two leagues of school land made to Falls County is situated south of and contiguous to a grant made to James Carter, through whom appellee owns the southern part of the latter grant, but he has no paper title to any part of the grant made to Falls County.

Falls County caused the grant to it to be surveyed and subdivided into small tracts, and in doing this it appears that the surveyor established and marked as the north line of the grant to the county a line south of the true north line about 186 varas.

Appellant bought one of the subdivisions of the grant next to the northern line thus established, which was known and designated as "fractional section No. 7."

The court found that the deed to plaintiff called for 167 acres, described as "fractional section No. 7, as appears upon the plat on record in Wise County in Book N, p. 604, which call for quantity and reference to plat is the only description given." Fractional section No. 7 will contain 167 acres of land if the northern line of it terminates at the line established by mistake by the surveyor as the north line of the grant, but it will contain 191 acres if the northern line of the subdivision bought by appellant be fixed at the true northern boundary of the grant made to Falls County, and appellant in this action seeks to recover the land between these lines.

The plat referred to in his deed would show that the fractional section bought by appellant was in the northeastern corner of the two leagues grant, and the findings of the court show that the appellant did not know until long after his purchase where the true northern boundary of the grant was, but thought it was at the line established by the surveyor who made the survey with reference to which the plat referred to in the deed to him was made. He testified, that "when he purchased he knew nothing about the location of the Hunnicutt line (line with reference to which subdivision was made), and that no line was shown to him, and that he bought by the plat alone, and knew nothing whatever about the location of the line of the Falls County school lands."

Until a short time before he brought this action he recognized the incorrect line as the true line, saw appellee put improvements on the land in controversy without objection and even assisted him in this,

and with him made a lane between their possessions, of which the center was the line established by the surveyor who made the mistake as to the true line, and who made the subdivisions of the grant so far as they affect any question involved in this case.

These facts take from the case any rights that might have inured to appellant by way of estoppel had he bought with knowledge of the true position of the northern line of the grant, and in reliance on the fact that the northern line of the subdivision purchased by the plat extended to that line; for he knew nothing of the true locality of the true line nor of the line established by mistake when he purchased. Had he possessed knowledge of the true line and bought with reference to it, influenced by the greater value of the land in controversy than that south of the line established and marked by the surveyor, the equities between him and his vendor who referred to the plat for description of the land sold would be strong; but no such case exists.

He bought, and intended to buy, fractional section No. 7, and that was located just where placed by the actual surveys with reference to which and by which the subdivisions were made and platted. As said by the Supreme Court of California, "The map was intended as a representation of the survey actually made on the ground—the position of the blocks and lots as indicated by the lines as run and the stakes driven at the corners. A map which, by reference to monuments established, or by some other mode, refers to a survey, is presumed to correctly represent the survey as actually made; but if there is a discrepancy between the map and the survey, the survey must prevail, if the position of the points and lines established by the survey can be proved." O'Farrell v. Harney, 51 Cal., 127. The following authorities are to the same effect: Penry v. Richards, 52 Cal., 496; Bean v. Bachelder, 78 Me., 186; Coal Co. v. Rogers, 65 Pa. St., 418; Esmond v. Tarbox, 7 Me., 48; Pike v. Dyke, 2 Me., 199; Williams v. Spaulding, 29 Me., 112; Marsh v. Mitchell, 25 Wis., 706.

The court found, that the two leagues of school lands were surveyed by Hunnicutt, and that the plat referred to in the deed made to appellant was made with reference to that survey; and further, that the northern line of the grant as it was supposed to be was there marked; and we must hold, that the established line fixes the northern line of the subdivision purchased by appellant.

This renders it unnecessary to consider what might be the rights of the parties growing out of acquiescence in a dividing line on the faith of which one of them has changed his condition; for plaintiff not showing title to the land in controversy, was not entitled to recover, although appellee may have no right to the land.

The judgment of the District Court will be affirmed.

*Affirmed.*

Delivered May 6, 1892.