LEONARD MAGEE V. J. F. MERRIMAN.

No. 7569.

1. **Reregistration—Lost Records.**—Where the record of a deed has been destroyed, if the original be not rerecorded within the time prescribed by the statute (four years), a subsequent purchaser for value without notice will be protected; and he will not be charged with constructive notice by reason of the fact that the deed was once recorded, the record of which has been destroyed.

2. **Title of Act Requiring Reregistration.**—The act for supplying lost and destroyed records necessarily includes within its terms as the same subject the reregistration of such records when supplied, and the effect they shall have when so recorded.

3. **Presumption of Existence of Original Deed.**—Under the "Act to amend an act entitled an act to provide for the supplying of lost records in the several counties of this State, approved April 14, 1874," in so far as it requires that the original deed be recorded within four years, the existence of the original will be presumed in absence of evidence showing its loss or destruction.

APPEAL from Falls.    Tried below before Hon. J. R. DICKINSON.

*Goodrich & Clarkson*, for appellant.—1. Where an original deed has been preserved, the record of which has been destroyed, the original must be recorded again within four years next after such loss, or one buying in good faith from his vendor is protected as an innocent purchaser. Sayles' Civ. Stats., art. 4292; Act of July 13, 1876; Evans v. Templeton, 69 Texas, 376.

2. This statute applies to deeds made and records destroyed before the passage of the act.    Hawley v. Bullock, 29 Texas, 216; Hutchins v. Bacon, 46 Texas, 408.

*J. A. Martin*, for appellee.—1. Even if the construction of article 4292, Revised Statutes, contended for by appellant, be correct, still it has application only to cases when the original deeds are preserved and in existence; and this fact should be proven by the party invoking such a construction of this statute, and be made to appear affirmatively.    Rev. Stats., art. 4292.

2. That appellee's deeds were recorded in Bosque and Falls counties after the destruction of the records in Milam County, does not prove that the originals were preserved or in existence, because certified copies might be recorded, and that without limitation as to time.    Laws, 1874, sec. 3, p. 101; Laws, 1876, sec. 3, p. 46; Rev. Stats., art. 4291.

3. When a deed has been duly registered in the proper county, and the land conveyed by such deed shall fall within another county subsequently created, the prior registration shall not be deemed to be thereby invalidated or in any manner affected, but shall still continue to be equivalent to an actual notice of its contents to all persons whomsoever.    Rev. Stats.,

art. 4358; McKissick v. Colquhoun, 18 Texas, 148; Frizzell v. Johnson, 30 Texas, 31; Herrington v. Williams, 31 Texas, 448; Melton v. Turner, 38 Texas, 81; Jones v. Powers, 65 Texas, 214.

4. A deed once properly recorded is notice to all the world of the purchaser's rights, and this notwithstanding the subsequent destruction of the records. Rev. Stats., arts. 4334, 4342; Fitch v. Boyer, 51 Texas, 349; Throckmorton v. Price, 28 Texas, 605; Wade on Notice, secs. 150, 157; Alvis v. Morrison, 14 Am. Rep., 117; Shannon v. Hall, 22 Am. Rep., 146; Meyers v. Buchanan, 46 Miss., 418; Webb on Rec. of Title, sec. 187.

5. Under the requirements of our Constitution, that no bill shall contain more than one subject, and that shall be expressed in the title, it becomes proper to look to the title of the several acts in which this provision is found, to aid us in arriving at the intention of the Legislature. The preamble also may be looked to for the same purpose. Laws 1874, p. 100; Laws 1876, p. 45; Rev. Stats., p. 467; Endl. Int. of Stats., secs. 59, 62; Potter's Dwar., 103, 107; Const. 1876, art. 3, sec. 35.

6. If these be statutes of registration, then they are obnoxious to the constitutional provision that no bill shall contain more than one subject, which shall be expressed in its title. Const. 1869, art. 12, sec. 17; Const. 1876, art. 3, sec. 35.

7. These statutes must be construed to have a prospective, and not a retroactive effect. Const. 1876, art. 1, sec. 16; Laws 1874, p. 100; Laws 1876, p. 46; Laws 1879, p. 35; Ins. Co. v. Ray, 50 Texas, 519; Cool. Const. Lim., 76; Potter's Dwar., 155, maxim 16.

FISHER, JUDGE, *Section B.*—On September 29, 1888, appellee instituted in the District Court of Falls County his suit of trespass to try title against appellant for the George Davis 160 acres survey in Falls County, and on July 9, 1889, recovered a verdict and judgment for the land, with an allowance to appellant for improvements.

The land was patented September 4, 1847, to Jacob De Cordova, assignee of Davis; under whom both parties claim—the appellee under the elder deed. Magee appeals.

There is but one assignment of error, which is as follows:

"The law is, that the holder of a deed whose record has been destroyed must rerecord the original within four years, or a purchaser from the vendor of such holder, who buys in good faith without notice, and pays the purchase money, is protected as a purchaser in good faith; and the court erred in instructing a finding for the plaintiff without regard to this proposition, and in refusing the special charge asked by the defendant presenting the substance of this proposition."

The facts are:

1. The land sued for was patented to Jacob De Cordova, September 4, 1847. The patent was filed for record in Falls County, June 19, 1885.

2.  Jacob De Cordova conveyed said land to William R. Baker by his deed of date December 20, 1848, which deed was recorded in the record of deeds of Milam County, Texas, May 28, 1850, after having been duly proved for record December 21, 1848.   This deed was recorded in Bosque County April 21, 1874 (other land lying in Bosque County was conveyed by the same), and in Falls County November 30, 1888.

W. R. Baker, on the 4th day of December, 1849, conveyed to F. H. Merriman said land by his deed of that date, which was then proved for record December 4, 1849, and filed for record in Milam County, and recorded in said county the 29th day of May, 1850, and recorded in Bosque (it conveying also Bosque County land) April 21, 1874, and filed for record and recorded in Falls County June 19, 1885.

3.  It was admitted that the plaintiff is the son and sole heir at law of F. II. Merriman.

4.  By virtue of an order of sale and an order of confirmation of sale, made in the County Court of Bosque County, in the estate of Jacob De Cordova, the administrator of said estate, by his deed dated March 22, 1882, in consideration of $80, conveyed said land to J. C. Frazier, which deed was duly recorded in the record of deeds of Falls County April 27, 1882.

J. C. Frazier, by his deed of special warranty of title dated October 23, 1883, conveyed said lands to J. Jinkins, which deed was duly recorded in the record of deeds of Falls County, June 13, 1884.   Jinkins paid a consideration of $80.

5.  J. Jinkins, by his deed dated October 25, 1883, conveyed said land to the defendant.   This deed contains a general warranty of title, and was duly recorded in Falls County June 13, 1884.   The defendant paid a consideration of $800 for said land, and he testified that he had no actual notice of plaintiff's title when he bought and paid for the land.

6.  That part of Falls County in which the land lies was created out of Milam County by an act of the Legislature of January, 1850, and Falls was organized in 1850.   On the 9th day of April, 1874, the record of deeds of Milam County, Texas, including the record of the above mentioned deeds, the line of plaintiff's title (which are recorded in Milam) was destroyed by fire.

The court below, in effect, instructed the jury to find in plaintiff's favor as to the land, and refused a charge asked by appellant, presenting his rights as an innocent purchaser.

Appellant, as seen by his assignment of error, contends, that he is entitled to be protected as an innocent purchaser, because he purchased the land for a valuable consideration, without actual notice of the elder deed from Jacob De Cordova, after four years from the time of the destruction of the records of Milam County, and before the reregistration

of the original deed.    We think this the correct view of the question, and for the error of the court below in this respect, we reverse and remand the case.    The acts of the Legislature of 1874 and 1876, that require the reregistration of the original deeds when the records thereof have been destroyed, have been construed by this court in the cases of O'Neal v. Pettus, 79 Texas, 254; Salmon v. Huff, 80 Texas, 133; and Barcus v. Brigham, 84 Texas, 528.    These cases hold, that if the original be not re-recorded within the time required by the statute, that a subsequent purchaser for value, without notice, will be protected, and he will not be charged with constructive notice by reason of the fact that the deed was once recorded, the record of which has been destroyed.

Appellee contends, that the acts of 1874 and 1876 are unconstitutional, because they are obnoxious to the constitutional provision, that no bill shall contain more than one subject, which shall be expressed in its title; that to regard these acts statutes of registration would be to include a subject not embraced in the title.    The title of the act of 1874 is as follows:    "An act to provide for supplying of lost records in the several counties of this State."    That of 1876 is amendatory of that of 1874, and reads:    "An act to amend an act entitled 'An act to provide for the supplying of lost records in the several counties of this State,' approved April 14, 1874."

We think the act providing for supplying lost and destroyed records necessarily includes within its terms as the same subject the reregistration of such records when supplied, and the effect they shall have when so recorded.    We believe the statutes constitutional.

Appellee further contends, that it is not shown by the facts that the original deed was preserved or in existence after the destruction of the records of Milam County; and that as appellant seeks the benefit of the statute, and it only requires the record to be made when the original is preserved or in existence, he must show that such original was preserved or existed.    It is shown by the facts, that a record of the former deed was made in Falls County after the land was purchased by appellant, but it does not appear whether the record was made by recording the original deed or a certified copy, which could have been done under the law.

Without deciding the question whether the law requires the registration of the original only, and does not relate to the registration of a certified copy, we nevertheless think that appellee's position is untenable.

The original deed is presumed to exist until the contrary appears, and the law assumes that it is in possession and control of the party who asserts title under it.

There is another principle of law that excludes the idea that the appellant must show that the deed was preserved.    The appellee holding under the older deed is presumed to have it in possession, and to have knowl-

edge of its existence and preservation, or destruction if it is destroyed. These are facts peculiarly within his knowledge, and about which the appellant is not supposed to know, as he has no concern with this deed. The evidence of the loss or preservation of the deed should come from the appellee, as he is better enabled to furnish such information than any one else; and until such proof is made it will be presumed that the original was preserved. We can not assume that the original deed was destroyed when the record thereof was destroyed, because the deed is simply in the possession of the clerk and deposited in his office so long only as is required to record it. It then ceases to be an archive of his office. It is a private paper of the owner, which he can control at will.

There is an agreement in the record that if there is reversible error in the case it shall be remanded; otherwise we would reverse and render.

We conclude the judgment should be reversed and remanded, and so report.

. *Reversed and remanded.*

Adopted May 31, 1892.