CHARLEY WILLIAMSON ET AL. v. THE STATE.

*No. 12.   Decided May 27.*

**Bail Bond — Date of Execution of, How Determined.** — Where a bail bond itself is dated, the date will control the approval of the sheriff made at a later day; and where the bond is executed and acknowledged before an officer, the date of execution and acknowledgment. in the absence of any date on the bond itself, should be held to be the proper date of the bond.

APPEAL from the District Court of Llano.   Tried below before Hon. W. M. ALLISON.

Judgment nisi with scire facias on a forfeited bail bond, and judgment made final for $500, from which this appeal is prosecuted.

The facts are sufficiently stated in the opinion.

*J. H. McLean,* for appellants.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—This is an appeal from the judgment of the District Court of Llano County on a forfeited bail bond for the sum of $500.

1.   Appellants objected to the introduction of the judgment nisi, on the ground that the scire facias described the judgment nisi as stating, " It was ordered and adjudged, that said judgment *should* be made final," etc., instead of, " that said judgment *will* be made final."   The record does not bear out the contention of appellant.

2.   Appellants insist, that the court erred in admitting over defendant's objection the bail bond in the cause, because of the variance of the date of the bond from that alleged in the scire facias.   There was no date on the bond, but it was acknowledged by R. E. Maddox on the 26th of April, 1890, before John P. King, clerk of the County Court, and the writ of scire facias alleges it was executed on said 26th day of April, 1890.   It is claimed, that because there were certificates by the sheriff and clerk of Tarrant, dated February 13, 1890, stating, "that R. E. Maddox, whose name appears signed to the bond, was ample security for the amount therein specified," which certificates were on slips attached to the bond, it proved conclusively that the bond was executed then, and not on the 26th of April, 1890, and the court should have excluded the bond for variance.   We do not think so.   The scire facias reads:   "Whereas, on the 26th day of April, 1890, in a certain prosecution pending in the District Court of Llano County (number 1614), wherein the State of Texas is plaintiff and Charley Williams is defendant, the said defendant did enter into a bail bond, with R. E. Maddox as surety," etc.   It does not follow, because of the certificates of the sufficiency of the bond by the

sheriff and clerk, that the bond had been delivered by Maddox and Will-iamson.    It may have been in the hands of Maddox while so endorsed, and in no sense had the said Maddox yet "entered into a bail bond." The first legal step taken by him was his acknowledgment of its execu-tion before the clerk, and this, in the absence of any date on the bond itself, should be held the proper date of the bond.    Where the bond itself is dated, the date will control the approval of the sheriff made at a later day (Holt v. The State, 20 Texas Criminal Appeals, 274), for the bond may have been delivered to the sheriff sometime before his approval was endorsed on it.    Indeed, he may not endorse his approval at all, it being inferred from his acceptance and filing.    Taylor's case, 16 Texas Cr. App., 514; 2 Willson's C. C., 550, 551.    But unquestionably appellant only en-ters into the bond when it is delivered, though the date of the bond is evidence of its delivery when filed in the case.    Bank v. Stevenson, 82 Texas, 436; Warren v. Marberry, 85 Texas, 193.

The judgment is affirmed.

*Affirmed.*

HURT, P. J., concurs.    DAVIDSON, J., absent.