### S. A. ELDRIDGE ET AL. v. AGNES ANDERSON.

#### No. 941.

**Limitation—Coverture—Tenants in Common.**—A fact case, in which limitation of .ten years as affected by the reduction from 640 to 160 acres in the Constitution of 1876, is discussed; also tenancy in common and coverture.

APPEAL from Brown.   Tried below before Hon. F. C. WILKINSON, Special District Judge.

The facts are fully given in the opinion.

*O. R. Sholars,* for appellants.—1.   Appellant Nora Harbeson being protected from the operation of the statute of limitation, appellee could not recover her interest in the land in controversy by the plea of the statute of limitations.   Beall v. Evans, 20 S. W. Rep., 945; Flanagan v. Pearson, 61 Texas, 302; Church v. Waggoner, 78 Texas, 200; Moody v. Butler, 63 Texas, 210; Cole v. Noble, 63 Texas, 432; Teal v. Terrell, 58 Texas, 257.

2. D. Q. Anderson having purchased an undivided interest in the land in controversy, and having put a part of same in cultivation, it is presumed that he expected to take his interest in the whole where his improvements were, and not taking actual possession of the balance until just before the filing of this suit, it is presumed that appellee did not claim adversely to appellants; hence, there being no repudiation of appellants' claim to the unoccupied part, appellee can not recover of these appellants. Rev. Stats., arts. 3194, 3195; 2 Sayles' Real Estate Laws, art. 714; McCurdy v. Locker, 20 S. W. Rep., 1109; Norton v. Collins, 20 S. W. Rep., 1113; Bracken v. Jones, 63 Texas, 184; Moody v. Butler, 63 Texas, 210; Sellman v. Hardin, 58 Texas, 86.

No brief for appellee reached the Reporter.

COLLARD, ASSOCIATE JUSTICE.—This is a suit by S. H. Eldridge, Nora Harbeson, and others, heirs of William Eldridge, against Mrs. Agnes Anderson, Mrs. William Neil, and others, to recover 320 acres of land patented to the heirs of William Eldridge, December 4, 1861, by virtue of an unconditional certificate issued to him. Before trial, all defendants except Mrs. Agnes Anderson were dismissed. Mrs. Anderson set up pleas of not guilty and title by limitation of five and ten years. Plaintiffs replied to the pleas of limitation, that defendant was a tenant in common with them, and set up the coverture of Nora Harbeson.

The trial by the court, a jury being waived, resulted in a judgment for defendant. Plaintiffs have appealed.

Plaintiffs deraign title as follows: Patent to the heirs of William Eldridge, who died without issue in 1842, leaving surviving him his father and mother and the following brothers and sisters: Thomas K. Eldridge, Caroline Eldridge, Elizabeth Whitehead, Mary Lehin, and S. H. Eldridge, who survived the father and mother. The mother died in 1842, and the father in 1854. Caroline Eldridge died in 1858, never having married. Elizabeth Whitehead died in 1858, and Thomas K. Eldridge in 1862. Mary Lehin died in January, 1852, leaving one child, Nora (plaintiff), who is now 41 years old. Nora married J. E. Whitehead in 1870 or 1872, at the age of 17 years; Whitehead died in 1886, and Nora married again, on the 4th day of April, 1888, having lived single about one year. S. H. Eldridge at the time of the trial (January 30, 1893) was 48 years old.

Defendant, Agnes Anderson, claims title as follows:

1. Deed of Elizabeth Whitehead, Caroline Eldridge, and Thomas K. Eldridge to William Neil to all their right, title, and interest in the certificate issued to William Eldridge and the land located by it. The deed is dated November, 1854, was duly authenticated for record, December 2, 1854, and was recorded in deed records of Brown County, where the land is situated, May 22, 1875; which record was destroyed by fire on March 30, 1880, and has never been rerecorded.

2.  Deed of William Neil to David Q. Anderson, with covenants of general warranty, to all the 320 acres of land in suit, dated May 4, 1875, duly authenticated, and recorded in deed records of Brown County, May 22, 1875, and rerecorded in 1888, the first record having been destroyed by fire on March 30, 1880.

3.  D. Q. Anderson died seven or eight years before the trial, intestate, leaving defendant his heir.

4.  D. Q. Anderson in 1866 moved onto vacant land on Pecan Bayou adjoining the land in suit, and built a house on the vacant land, where he resided to the time of his death   In 1866 he opened and fenced a farm of 65 acres—55 acres of which was on the land in controversy, the other 10 acres being on the vacant land—which land has been used and cultivated ever since by Anderson and his surviving wife.   In 1870 he put in and fenced 35 acres more of the land in suit, and inclosed the land between the two farms by a fence for a pasture.   All the land so fenced was on the west side of the bayou, which runs through the land, none of the land on the east side of the bayou ever having been inclosed.   In 1870 Anderson built a tenant house on the land in suit, near the smaller farm, which is still there and has been continuously occupied by his tenants.   He claimed all the Eldridge survey after entering upon it, and paid the taxes thereon up to his death, and his surviving wife has since his death asserted title to the same and paid the taxes—neither of them paying rent or recognizing the plaintiffs or any one else as having any interest in the land.   On February 17, 1872, Anderson made proof of his occupancy of 160 acres of the vacant land as a homestead pre-emptor, actual settler, and man of family, showing that he had occupied the same as a homestead for three consecutive years prior thereto, having no other homestead. Patent was issued to him for the vacant land, September 2, 1873.

The court below, finding substantially the foregoing facts, concluded as the law of the case that S. H. Eldridge and Nora Harbeson were barred by the ten years' statute of limitation.

There are numerous assignments of error, but the principal question, embracing all others, is as to the conclusion of the lower court that plaintiffs were barred by the ten years' statute.

*Opinion.*—We think the judgment of the lower court was correct as to S. H. Eldridge, but not so as to Mrs. Harbeson.   The statute was suspended during Anderson's possession up to the 30th of March, 1870, and commenced to run against Mrs. Harbeson when she married, in 1870 or 1872, and has continued to run up to the time the Revised Statutes took effect, September 1, 1879.   Naked possession for ten years entitled the holder to 640 acres of land, but after that date only 160 acres were allowed.   From the time the statute was set in motion against Nora Harbeson—say March 30, 1870, if she married so early, or at any time between that date and 1872, when she was certainly married—up to the time the Revised Statutes took effect, less than ten

years had elapsed; hence the bar was incomplete under the statute allowing to the possessor 640 acres of land.   It follows, then, that Anderson and his wife could ònly acquire title by limitation under the ten years' statute to 160 acres of the land.   Their holding under the deed of Neil to Anderson would extend to the whole survey conveyed thereby, but it was not executed until May 4, 1875, at which time plaintiff Nora was married to Whitehead, and had so been a married woman from three to five years; so the statute did not commence to run against her under this deed covering the entire survey until Whitehead's death, in 1886, after which to the time of suit ten years did not elapse.   It is seen, then, that the bar under the ten years' statute was complete against her only as to 160 acres of the land; it was complete against S. H. Eldridge under this deed for the whole 320 acres of land conveyed thereby.

The five years' statute can not be made available to the defendant, because, if for no other reason, it is not shown that Whitehead died five years before suit—that is, five years before the 20th of January, 1891.   The statute would not run against Mrs. Nora Harbeson under the deed of Neil to Anderson, even if it should be held to have been duly registered, until she became a widow—being married to Whitehead when the deed was executed—and, as before stated, the evidence does not show that she became a widow five years before suit.

It will be remembered that this deed was recorded May 22, 1875, that the record was destroyed by fire March 30, 1880, and the deed was not recorded again, as it might have been, under the statute, within four years, so as to give it force from the date of filing for original registration, "provided the new record be made within four years next after the destruction" of the record.   Rev. Stats., art. 4292.   Under such circumstances, the deed can not be held to be a "duly registered" deed under the statute of five years' limitation.   It may not be necessary to decide the foregoing question, as the evidence does not show that five years elapsed from the time Mrs. Whitehead became a widow to the time of suit.   The five years' statute does not apply. Magee v. Merriman, 85 Texas, 105, and authorities cited.

The ten years' statute does apply, however, and must be held to bar S. H. Eldridge as to all claim, and Mrs. Harbeson as to 160 acres, including the Anderson improvements; so that defendant should recover 160 acres of land, including the improvements, and four-fifths of the residue; that is, all the land except one-fifth of 160 acres lying outside the 160 acres acquired by defendant by limitation, which one-fifth is adjudged to plaintiff Mrs. Harbeson.   Judgment will be here so rendered.

*Reversed, reformed, and rendered.*

Delivered September 19, 1894.