### Tom Chaney v. The State.

#### No. 604. Decided May 11, 1910.

**Local Option—Information—Affidavit—Proof—Variance.**

Where, upon trial of a violation of the local option law, the record showed that there was a variance in the name of the purchaser between the affidavit and the information, and also a variance in the proof between the name alleged and that shown by the evidence, the conviction could not be sustained.

Appeal from the County Court of Johnson. Tried below before the Honorable J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.—Cited Johnson v. State, 4 Texas Crim. App., 594; Neiderluck v. State, 21 Texas Crim. App., 320; Willis v. State, 24 Texas Crim. App., 487; 6 S. W. Rep., 200.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 8th day of December, 1909, an affidavit and information were filed in the County Court of Johnson County charging appellant with a violation of the local option law therein. In the affidavit the sale of intoxicating liquors is charged to have been made to Lewin Vandali. In the information filed on the same day the sale was charged to have been made to Lewis Vandali. On a trial had in said court on the 21st day of December of last year appellant was found guilty as charged, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The evidence for the State shows that early in December of last year appellant sold to one Louis Vanderlee a half pint of whisky. The contention of appellant is that there is a variance between the names of the person to whom the whisky is charged to have been sold as such name appears in the affidavit and information, and also a variance between both these names as stated in the information and affidavit and that disclosed in evidence. It is well settled that a variance in a material allegation in the complaint and information is fatal to a judgment of conviction. We think it can scarcely be doubted that Lewin Vandali and Lewis Vandali are, not in any sense, *idem sonans.* Johnson v. State, 4 Texas Crim. App., 594; Neiderluck v. State, 21 Texas Crim. App., 320; Willis v. State, 24 Texas Crim. App., 487; 6 S. W. Rep., 200.

We also think it may well be doubted whether Vandali and Vanderlee can, in fairness, be said to be *idem sonans.* There is no evidence in the record as to the pronunciation of the name Vanderlee or that he was ever known as or called Vandali. Brown v. State, 28 Texas Crim. App., 65; 11 S. W. Rep., 1022; Warrington v. State, 1 Texas Crim. App., 168.

The other questions raised mainly relate to the sufficiency of the evidence. As the case will be tried again it would be manifestly improper for us to discuss this question.

For the errors pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*