## Frank Raymond et al. v. The State.

### No. 5740. Decided March 31, 1920.

**1.—Scire Facias—Bail Bond—Variance.**

Where there was a variance between the date mentioned in the judgment *nisi* and the date of the bond, the same was fatal and the bond should not have been introduced in evidence.

**2.—Same—Variance of Dates—Rule Stated.**

Where there is a difference between the date of execcution and approval of the bond, the date of the execution controls. Following Mosely v. State, 37 Texas Crim. Rep., 18, and other cases.

**3.—Same—Variance—Bail Bond—Judgment Nisi.**

Where the forfeited bail bond was taken in obedieuce to an order of the justice of the peace, requiring defendant to appear before the next District Court to await the action of the grand jury, and the bond described in the judgment *nisi* required defendant to make his appearance before said District Court to answer an indictment, the variance was fatal, as there was no indictment pending as alleged in the judgment *nisi*, at the time of the execution of the bond.

**4.—Same—Bail Bond—Impossible Date.**

Where the bond was dated and executed on the fifth day of December, 1919, and the judgment *nisi* recited that it was executed on the fifth of December, 1918, and required defendant to appear before the March term of the District Court, 1919, the bond recited an impossible date and could not be enforced.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a judgment final of a forfeited bail bond, in the sum of $1000.

The opinion states the case.

*Taylor, Forrester & Stanford,* for the appellant.—Cited: Bailey et al. v. State, 22 S. W. Rep., 40; Holt v. State, 20 Texas Crim. App., 271; Faubion v. State, 21 id., 494; Avant v. State, 26 S. W. Rep., 411; Fost v. State, 26 id., 312; Brown v. State, 12 id., 1101; Lawton v. State, 5 Texas, 270; Wallen v. State, 18 Texas Crim. App., 414; Wegner v. State, 13 S. W. Rep., 608; Collins v. State, 16 Texas Crim. App., 274.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This is an appeal from a forfeited bail bond. The facts show that Raymond was arrested charged with rape. An examining court trial was held before the justice of the

peace and appellant Raymond bound over in the sum of one thousand dollars to await the action of the grand jury. There was an indictment returned against Raymond on the 17th day of January, 1919. A bail bond was executed in accordance with the ruling of the justice of the peace. This bail bond recites that appellant had been bound over to the District Court at its next succeeding term to be held in the city of Waco on the 3rd of March, 1919. The bond was executed on the 5th day of December, 1919. It shows further to have been approved by the sheriff on the 5th day of December, 1918. The *scire facias* declares upon the bond executed on the 5th day of December, 1918. The variance comes as between the date mentioned in the judgment *nisi* and the date of the bond, appellant contending the judgment *nisi* is not sufficient because of this variance, and also that the bond could not be introduced, the execution of the bond showing that it was on the 5th of December, 1919, and the judgment *nisi* showig it was executed on the 5th of December, 1918. The county attorney filed an amended pleading alleging mistakes in the dates, and that the bond was in fact taken and executed on the 5th of December, 1918, instead of 1919. This is a statutory bond and when it was offered in evidence appellant objected to the introduction of the bond on account of the recitation in the judgment *nisi* as to dates already mentioned. The rule seems to be settled by a great number of decisions that where there is a difference between the date of execution and approval of the bond the date of the execution controls. Mosely v. State, 37 Texas Crim. Rep., 18; Williamson v. State, 32 Texas Crim. Rep., 213; Holt v. State, 20 Texas Crim. App., 271; Washington v. State, 31 Texas Crim. Rep., 84; Brown v. State, 28 Texas Crim. App., 65; Bowen v. State, 28 Texas Crim. App., 103; LaRose v. State, 29 Texas Crim. App., 215; Faubion v. State, 21 Texas Crim. App., 494; Holley v. State, 70 Texas Crim. Rep., 511.

It is also urged for reversal that the bond described in the judgment *nisi* is fatally different from that in fact executed. The judgment *nisi* declares upon the bond taken on the 5th day of December, 1918, requiring appellant to make his personal appearance before the District Court of McLennan county on the 3rd of March, 1919, and so remain, etc., until discharged by due process of law, to answer the State of Texas upon a charge by indictment therein filed accusing him of the offense of rape. The bond taken was in obedience to an order of the justice of the peace requiring Raymond to enter into bond for his appearance before the District Court at the March Term, 1919, but executed on December 5, 1919, and to remain there in accordance with law to answer an accusation against him of rape. The indictment was returned on the 17th day of January, 1919. This bond purports to have been executed on the 5th of December, 1919. There had been no indictment as recited by the judgment *nisi* returned against him as a predicate for the bond. The bond itself was entered into in obedience to an order of the magistrate binding over Raymond to answer

any accusation that might be preferred by a grand jury for the crime of rape. There had been no indictment returned at the time and was not for some time after the order of the justice of the peace. This is regarded as a substantial variance between the judgment *nisi* and the bond itself, which was offered in support of the recitations in the judgment *nisi*. There was no indictment pending as alleged in the judgment *nisi* at the time of the execution of the bond, and Raymond was not required to answer an indictment.

It is also urged that the bond should not have been introduced because it recites an impossible date in addition to the variance between the allegations of the judgment *nisi* and the bond. The bond was dated and executed on the 5th of December, 1919, as shown by its date and execution, whereas the judgment *nisi* recites that the bond was executed on the 5th of December, 1918, and it required him to appear before the March Term of the District Court, 1919. The date and execution of the bond would show that it was impossible from that date to require Raymond to appear before the District Court on the previous March. This arises largely out of the same question heretofore mentioned.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*