ROY L. SEATON ET AL. PLAINTIFFS IN ERROR V. THE STATE
OF TEXAS, DEFENDANT IN ERROR.

No. 9504.   Delivered November 18, 1925.

**1.—Forfeiture of Bail Bond—Judgment Nisi—Must Conform to Bond.**

Where, on forfeiture of a bail bond, the judgment nisi recites that
the bond was conditioned that the defendant should make his appearance
before the District Court of Robertson County on the 10th day of Nov.
-A. D. *1925* while the bond was conditioned for his appearance on the
10th day of November, *1924*, the variance is fatal and will not support a
final judgment.

**2.—Same—Service of Scire Facias Defective.**

Where a sheriff's return on a scire facias directed to two defendants
recites that it was served by him, "a true copy of this writ" and which
shows only one copy served on both defendants, is not sufficient to sup-
port a judgment by default.   The return should show service of copy on
each of the defendants.   Following Finley v. State, 89 Tex. Crim. Rep.
224.

Appeal from the District Court of Robertson County. Tried
below before the Hon. W. C. Davis, Judge.

Appeal from a final judgment on a forfeiture of a bail
bond.

The opinion states the case.

*O. F. Wencker,* for plaintiff in error.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,*
Assistant State's Attorney, for the State.

BAKER, JUDGE.—The record discloses that Roy L. Seaton
entered into a bail bond on September 12, 1924, with D.
Rabinowitz and N. C. Walters as sureties, the plaintiffs in er-
ror herein, conditioned that he make his appearance before
the District Court of Robertson County on the 10th day of
November, 1924, and upon his failure to appear before said
court said bond was forfeited, and judgment nisi was entered
on Jan. 26, 1925, and scire facias was issued by the clerk
of said court to Dallas County, Texas, stating, "Whereas, on
the 12th day of September, A. D. 1925 . . . . Roy L. Seaton
. . . . the defendant, did enter into a bail bond with D. Rabino-
witz and N. C. Walters as sureties . . . . conditioned that the
said defendant should make his personal appearance before the

Honorable District Court of Robertson County, Texas, on the 10th day of November, A. D. 1925, etc." The sheriff of Dallas County, in making his return on said scire facias, stated, "came to hand on February 11, 1925, . . . . and executed on February 16, 1925, by delivering to N. C. Walters in Dallas County, Texas, 1/14-25 at 9:55 A. M., and D. Rabinowitz, in Dallas County, Texas, 2/16-25 at 1:55 P. M. a true copy of this writ." The judgment nisi was made final on said writ and return, by default.

It is the contention of the plaintiffs in error in this case that the scire facias was so defective in reciting the dates of the bail bond and the appearance of the defendant to be in the year 1925 instead of 1924, that same was insufficient to authorize a judgment by default in this case. We think this contention is supported by the authorities cited by the plaintiffs in error in this case. See Raymond v. State, 87 Tex. Cr. Rep. 178, and other authorities therein cited.

Plaintiffs in error also contend that the sheriff's return on said scire facias in stating that he served in person "a true copy of this writ," which showed only one copy served on both of them, is so defective that the trial court was in error in rendering a default judgment against them thereon, and that under the law said return should show that he served each of said plaintiffs in error with a copy of said citation. This identical question has been decided adversely to the State's contention by this Court in the case of Finley v. State, 89 Tex. Cr. Rep. 224, wherein this Court, through Judge Hawkins, stated:

"The first assignment is that the court below erred in rendering final judgment because it does not appear from the officer's return that the sureties were each served with a copy of the scire facias writ. The assistant Attorney General properly confesses error," citing Art. 492 C. C. P. and many authorities in support of the ruling thereon.

For the errors above discussed we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.