Richard H. **MACKINTOSH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–91–01438–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1992.

**3.** The Commonwealth elects a delegate, every two years, who maintains "observer status" in

W. Troy McKinney, Schneider & McKinney, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mark A. Font, Asst. Dist. Atty., Houston, for appellee.

Before DUNN, DUGGAN and MIRABAL, JJ.

Washington, D.C.

## OPINION

DUNN, Justice.

This is an appeal by Richard H. Mackintosh, surety on the bond of Jose Angel Rodriguez, from a judgment for the State of Texas in a bond forfeiture proceeding. We affirm.

Jose Angel Rodriguez was charged with delivery of a controlled substance and bond was set at $50,000. Mr. Rodriguez failed to appear as scheduled in July 1989, judgment nisi [1] issued, and judgment of forfeiture was rendered on August 29, 1991.

A copy of the bond and the judgment nisi in the forfeiture case were filed on July 18, 1989. The citation was issued July 18, 1989, and reflects that the judgment nisi was filed on July 17, 1989.

The appellant answered on July 18, 1989, raising a number of defenses, but not challenging the jurisdiction of the court or raising the issue of the defective citation.

The case was called to trial on August 29, 1991, and a final judgment was signed and approved as to form by the appellant's attorney of record. A motion for new trial and remittitur was timely filed and overruled by operation of law.

Mr. Mackintosh raises five points of error. First, he contends that the copy of the bail bond is improperly part of the transcript of this appeal and should be stricken. Second, he argues the variance between the citation and the judgment nisi is fatal, thus invalidating the final judgment. Third, he complains that the entry of the final judgment was error because there was neither a trial nor a summary judgment. In his fourth and fifth points of error, he argues that the evidence was legally and factually insufficient to support the judgment.

In his first point of error, Mr. Mackintosh complains that the copy of the bond instrument does not bear a file stamp reflecting the forfeiture case's cause number. The file stamp reflects the bond document was filed in the underlying criminal action. Therefore, he suggests some unknown person could have placed a copy of the bond in the forfeiture file. Mr. Mackintosh claims that since the bond in the forfeiture file is not properly file stamped, we cannot know if the court clerk put the bond in the file, and therefore it should not have been used as a foundation for the judgment nisi and citation. Following his argument then, the appellant asserts the judgment nisi and citation were improperly issued. [2]

The appellant has waived any right he may have had to complain about this procedure because the final judgment, approved by the appellant's counsel, specifically states that the court considered the bail bond. By approving the form of the order, the appellant has indicated that the written judgment accurately sets forth the court's ruling. *Bexar County Criminal Dist. Atty. v. Mayo*, 773 S.W.2d 642, 644 (Tex. App.—San Antonio 1989, no writ). But these actions do not foreclose his right to appeal; he may still disagree with the ruling and appeal it. *Id.*

Further, the appellant's motion for new trial does not object to the inclusion of the bail bond in the court's file. The appellant has not preserved his error on appeal. Tex. R.App.P. 52(a); *Murphy v. Canion*, 797 S.W.2d 944, 951 (Tex.App.—Houston [14th Dist.] 1990, no writ).

The appellant's first point of error is overruled.

The appellant's second point of error argues that there is a fatal variance

---

1. The term "judgment nisi" indicates that the adjudication spoken of is one that is to stand as valid and operative unless the party affected by it shall appear and show cause against it, or take some other appropriate step to avoid it or procure its revocation. Black's Law Dictionary 944 (5th ed. 1979).

2. In oral argument, State's counsel represented to this Court that it is the policy of the Harris County District Clerk's office to generate a bond forfeiture file when such forfeitures occur. The forfeiture case is assigned the same number as the underlying criminal case, followed by a letter. Contained in the forfeiture file is the *original* appearance bond, the judgment nisi, and other documents as they are generated or received. The appellant complains that, even though this may be the usual procedure, there is no authority authorizing such action.

between the citation and judgment nisi because of the difference in the dates. The citation says the judgment nisi was filed on July 17, 1989, yet the judgment nisi was actually signed on July 18, 1989. Because of this difference, the appellant asks this Court to reverse and render.

Fatal variances have occurred where the judgment was not rendered against both the principal and the surety, *Douglas v. State*, 26 Tex.App. 248, 9 S.W. 733 (1888); where there is a variance between the name of the surety on the bond and the name of the surety on the judgment, *Scott v. State*, 649 S.W.2d 354 (Tex.App.—Eastland 1983, no writ); and where the offense named on the bond differs from the offense named in the judgment nisi, *Shropshire v. State*, 433 S.W.2d 898, 900 (Tex.Crim.App. 1968). However, there is a provision for amending the *scire facias* documents if necessary and the court is apprised of the necessity. *See Uppenkamp v. State*, 89 Tex.Crim. 131, 229 S.W. 544, 545 (1921).

The Rules of Civil Procedure provide that *scire facias* shall conform to the requisites of citations under the rules. Tex.R.Civ.P. 154. This was done. *See* Tex.R.Civ.P. 99. The purpose of the citation is to bring the sureties into court so that they may show cause why final judgment should not be entered against them on the forfeiture declared by the judgment nisi. *Hutchings v. State*, 24 Tex.App. 242, 6 S.W. 34 (1887).

Mr. Mackintosh cites *Highsaw v. State*, 19 S.W. 762 (Tex.Civ.App.1892), to support his position that whenever there is a variance between the citation and the judgment nisi, the case should be reversed. However, a close reading of the case shows that the defendant in *Highsaw* objected to the variance before the trial court and his objection was overruled. *Id.* at 763. Mr. Mackintosh made no such objection. It is well settled that without a proper, specific objection to the trial court, error is not preserved. *See United Cab Co. v. Mason*, 775 S.W.2d 783, 785 (Tex.App.—Houston [1st Dist.] 1989, writ denied); Tex.R.App.P. 52(a).

Mr. Mackintosh also cites *Seaton v. State*, 102 Tex.Crim. 137, 277 S.W. 388

((1925), holding approved), where the variance in dates caused the default judgment to occur one year before the bond was supposedly issued. We are not dealing with a default judgment. Nor are we dealing with a situation where the defendant surety did not receive notice of the action pending against him. In this case, the judgment nisi was attached to the citation and gave the defendant sufficient notice to enable him to answer the same day the judgment nisi was issued.

Mr. Mackintosh also argues that *Brown v. State*, 28 Tex.App. 65, 11 S.W. 1022 (1889), is squarely on point and disposes of this case. We disagree. In reading *Brown*, we note that the facts of that case presented the appellate court with a number of variances between the judgment nisi and the citation, among them a recitation that the forfeiture was taken one day after the judgment nisi was rendered. *Id.* 11 S.W. at 1024. The citation in the case before us states: "Attached is a copy of a Judgment Nisi rendered against you in the above referenced cause. This instrument was filed on July 17, 1989...." The citation does not state one way or another on which day the bond was forfeited. *Attached* to this citation is the judgment nisi, which *correctly* states that the forfeiture occurred on July 17, 1989, when Mr. Rodriguez failed to appear. This comports with the holding of *Brown* which says that the "time of forfeiture must be correctly stated." *Id.*

Notwithstanding the above, we note that when this statute was codified in 1965, the language was changed to eliminate the seven requisites, including the requirement that the citation include the time when the forfeiture was taken. *See* Tex.Code Crim. P.Ann. art. 22.04 comment (Vernon 1966). The citation in this case conforms to the statute.

The appellant's second point of error is overruled.

■ The appellant's third point of error deals with the recitation in the final judgment that a trial was had upon the merits. He complains that this conflicts with the notations on the docket sheet. When there

are conflicts between the docket sheet and the recitations in the judgment, the judgment controls. *Flores v. State*, 524 S.W.2d 71, 72 (Tex.Crim.App.1975). Therefore, his argument is without merit.

He further argues that the recitation in the judgment, that evidence was considered, is erroneous because no evidence was offered for the court to consider. The record does not support the appellant's allegation on appeal. The transcript contains several motions for continuance of the trial. The appellant's attorney approved the judgment as to form and did not object to the language contained in the judgment as not accurately reflecting the proceedings. *See Mayo*, 773 S.W.2d at 644. Additionally, the motion for new trial does not complain of the lack of a trial. The motion does state that "[n]o facts have been presented which would allow final judgment. Judgment is contrary to facts and law presented." This suggests that there were indeed facts and law presented to the court for consideration.

The appellant's third point of error is overruled.

In the appellant's fourth and fifth points of error, he argues the evidence was factually and legally insufficient to support the judgment.

■ The appellate record does not contain a statement of facts, nor does it contain a certificate from the court reporter that no evidence was presented, or that no statement of facts is available. Without a complete statement of facts, the appellate court cannot decide questions regarding the sufficiency of the evidence. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 806–807 (Tex.1968). In the absence of a complete record, this Court will presume that the evidence supports the judgment. *Ward v. Lubojasky*, 777 S.W.2d 156, 157 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Men's Wearhouse v. Helms*, 682 S.W.2d 429, 430 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), *cert. denied*, 474 U.S. 804, 106 S.Ct. 38, 88 L.Ed.2d 31 (1985).

Points of error four and five are overruled.

The judgment is affirmed.